# EXHIBIT A

Original- Court
1st Copy- Defendant
2nd Copy- Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 26-007050-CK Hon.Leslie Kim Smith |
|---|---|---|

Court telephone no.: 313-224-2427

**Plaintiff's name(s), address(es), and telephone no(s)**
JACKSON, Individually, Kohchise     et. Al

v

**Defendant's name(s), address(es), and telephone no(s).**
LONE STAR ALLIANCE, INC.

**Plaintiff's attorney, bar no., address, and telephone no**
Jonathan Robert Marko 72450
220 W. Congress, 4th Floor
Detroit, MI 48226-2202

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint   has been previously filed in ☐ this court, ☐_____ Court,      where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.        | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 4/28/2026 | Expiration date* 7/28/2026 | Court clerk Jacquetta Parkinson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



SUMMONS
Case No. : **26-007050-CK**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                                Date and time

_____ on behalf of _____ .

Signature
_____

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KOHCHISE JACKSON, individually, and
KOHCHISE JACKSON, as assignee of
DR. KEITH L. PAPENDICK,

 Plaintiffs,

-vs-

LONE STAR ALLIANCE, INC., and
QUALITY CORRECTIONAL CARE OF
MICHIGAN, P.C.

 Defendants.

Case No. 26-  -CK
Hon.

---

JONATHAN R. MARKO (P72450)
ALLIE J. FARRIS (P88654)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
allie@markolaw.com
melinda@markolaw.com

IAN T. CROSS (P83367)
LAURENCE H. MARGOLIS (P69635)
**LAURENCE H. MARGOLIS P.C.**
Attorneys for Plaintiff
214 S. Main St., Ste 200
Ann Arbor, MI 48104
(734) 994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

---

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.*

## COMPLAINT FOR DECLARATORY RELIEF

1

NOW COME Plaintiffs KOHCHISE JACKSON, individually, and KOHCHISE JACKSON, assignee of the claims of Dr. Keith Papendick, M.D., by and through their attorneys, **MARKO LAW, PLLC, and LAURENCE H. MARGOLIS P.C.,** and for their Complaint, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to MCL 600.601 and MCL 600.605, as the amount in controversy exceeds $25,000.

2. Venue is proper in Wayne County Circuit Court pursuant to MCL 600.1621, as Defendant Quality Correctional Care of Michigan, P.C., is located in the City of Plymouth, County of Wayne, Defendants conduct business in Wayne County, and a substantial part of the events giving rise to this action occurred in this County.

## PARTIES

3. Plaintiff Kohchise Jackson is the assignee of all insurance rights, claims, and benefits held by Dr. Keith Papendick arising from the judgment entered April 13, 2026, in Jackson v. CHS TX, Inc., et al., Case No. 2:19-cv-13382 (E.D. Mich.), pertaining but not limited to, their wrongful failure to defendant and indemnify Dr. Papendick in Jackson's personal injury and constitutional lawsuit stemming from Dr. Papendick's employment.

4. Individually, Plaintiff Kohchise Jackson was a prisoner in the Michigan Department of Corrections, who alleged and obtained a judgment against Dr. Papendick and Corizon Health Inc., and Corizon's successor corporations, including CHS TX, Inc.

2

5. Defendant Lone Star Alliance, Inc. is a risk retention company that issued professional liability insurance policies to Defendant Quality Correctional Care of Michigan, P.C. and its insured physicians, including Dr. Keith Papendick.

6. Defendant Quality Correctional Care of Michigan, P.C. is a Michigan professional corporation and an insured under the professional liability policies issued by Defendant Lone Star Alliance, Inc.

7. At the time of the events giving rise to Plaintiff's Complaint, Assignee Dr. Keith Papendick, M.D. was an employee and/or agent of Quality Correctional Care of Michigan, P.C., a captive professional corporation that was managed, administered, and effectively controlled by the corporation formerly known as Corizon Health, Inc.

8. At all relevant times, Defendant Quality Correctional Care of Michigan, P.C. was a mere instrumentality of Corizon Health, Inc. and Corizon's successor corporations, including Defendant CHS TX, Inc.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

10. On April 25, 2019, Kohchise Jackson, individually, filed a lawsuit against Dr. Keith Papendick and Corizon Health, Inc./CHS TX, Inc. in the United States District Court for the Eastern District of Michigan, Case No. 2:19-cv-13382.

11. From approximately 2017 through 2019, Kohchise Jackson, individually, was incarcerated and under the medical care of physician Dr. Keith L. Papendick while in the custody of the Michigan Department of Corrections.

3

12.     During this period, Kohchise Jackson, individually, suffered from serious medical needs that required prompt medical attention and treatment.

13.     A jury found that Dr. Keith L. Papendick and Corizon Health, Inc./CHS TX, Inc. denied Kohchise Jackson, individually, the necessary medical care, causing him severe and permanent injuries.

14.     Defendant Lone Star Alliance, Inc. issued professional liability insurance policies to Defendant Quality Correctional Care of Michigan, P.C., covering the time period when the alleged constitutional violations occurred.

15.     Specifically, Defendant Lone Star Alliance, Inc. issued Policy No. 4-100159, effective January 1, 2017, through January 1, 2018, with a total policy aggregate limit of $22,500,000 and a per-claim limit of $1,000,000 for each physician insured, including Dr. Papendick. **(Exhibit 1).**

16.     The policies provided coverage for professional liability claims arising from medical services provided to patients, including incarcerated individuals.

17.     Kohchise Jackson, individually, brought claims under 42 USC 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and for municipal liability under *Monell v Department of Social Services*, 436 US 658 (1978).

18.     The case proceeded to an eight-day jury trial commencing on March 24, 2026, before the Honorable Gershwin A. Drain.

19.     On April 2, 2026, the jury returned a verdict in favor of Kohchise Jackson, individually, finding that Dr. Keith L. Papendick was deliberately indifferent to Kohchise Jackson's serious medical needs.

4

20.     The jury awarded Kohchise Jackson, individually, $7,500,000.00 in compensatory damages for non-economic harm, assessed jointly and severally against all Defendants.

21.     The jury also assessed punitive damages against Defendant Corizon Health, Inc./CHS TX, Inc. in the amount of $300,000,000.00.

22.     The jury further assessed punitive damages against Defendant Dr. Keith Papendick in the amount of $100,000.00.

23.     On April 13, 2026, the Court entered final judgment in favor of Kohchise Jackson, individually, and against all Defendants, including Dr. Keith L. Papendick, in the total amount of $307,600,000.00. **(Exhibit 2).**

24.     The judgment against Dr. Papendick, who is a covered insured under the policies issued by Defendant Lone Star Alliance, Inc., arises from professional medical services rendered during the covered policy period and falls squarely within the coverage grant of those policies, thereby triggering Defendant Lone Star Alliance, Inc.'s contractual obligation to indemnify Dr. Papendick up to the applicable $1,000,000 per-claim policy limit, and other policies, including but not limited to umbrella and/or excess coverage.

25.     By virtue of the April 13, 2026, judgment, Defendant Lone Star Alliance, Inc.'s duty to indemnify Dr. Papendick under the policies has been fully triggered.

26.     Dr. Papendick, as the insured, is entitled to indemnification and the payment of the applicable policy limits in satisfaction of the judgment entered against him in the underlying action.

27. On April 7, 2026, Plaintiff's counsel Jonathan R. Marko made a formal written demand upon defense counsel for Defendants for disclosure of all potentially applicable insurance policies and for payment under those policies. **(Exhibit 3).**

28. The demand specifically requested information regarding any and all potentially relevant coverage, along with any and all umbrella, excess, or potentially overlapping coverage, and sought payment for the jury verdict under all policies in effect during the period 2017 through 2019 that covered the named insured and Dr. Papendick.

29. The demand sought coverage for the jury verdict under all policies in effect during the period 2017 through 2019 that covered the named insured and Dr. Papendick.

30. Despite the entry of final judgment and the formal demand for coverage, Defendant Lone Star Alliance, Inc. has failed and refused to pay the $1,000,000 per-claim policy limit applicable to Dr. Papendick's coverage under Policy No. 4-100159.

31. The insurance policies issued by Defendant Lone Star Alliance, Inc. obligate the carrier to pay damages up to the policy limits for covered claims against its insured physicians, including Dr. Papendick.

32. Defendant Lone Star Alliance, Inc. issued one or more additional professional liability policies in effect during the period 2017 through 2019 that covered the named insured and Dr. Keith Papendick, as well as any excess or umbrella policies issued by any carrier that may provide coverage for the claims asserted in the underlying action.

33. The $307,600,000.00 judgment remains wholly unsatisfied as of the date of filing this complaint.

6

34.     Dr. Keith L. Papendick has validly and completely assigned to Kohchise Jackson, as his assignee, all of his rights to insurance proceeds, indemnification, and claims under all professional liability policies issued by Defendant Lone Star Alliance, Inc., and under any excess or umbrella policies available through any other carrier.

35.     The assignment encompasses all rights, claims, and benefits arising from the judgment entered against Dr. Papendick on April 13, 2026.

36.     The assignment constitutes a full and complete transfer of every right Dr. Papendick holds or may hold as an insured under those policies, including without limitation: the right to demand payment of the applicable policy limits; the right to seek declaratory relief regarding coverage obligations; the right to enforce the duty to indemnify; and the right to recover all policy benefits to which Dr. Papendick is entitled by reason of the judgment entered against him.

37.     The assignment encompasses all rights, claims, and benefits arising from and related to the April 13, 2026, judgment entered against Dr. Papendick and Defendant Lone Star Alliance, Inc.'s resulting obligations under the applicable policies.

38.     As assignee, Kohchise Jackson stands in the shoes of Dr. Papendick, the insured, with respect to all policy rights, and is fully entitled to enforce all rights of indemnification, coverage, and policy benefits directly against Defendants, including the right to bring this action for declaratory and other relief.

39.     Any and all policy proceeds recovered by Kohchise Jackson, as assignee of Dr. Papendick, shall be applied to, and payable to, Kohchise Jackson, individually, in his capacity as judgment creditor, in partial satisfaction of the April 13, 2026, judgment.

7

40.     Plaintiffs seek coverage under all policies in effect during the period 2017 through 2019 that covered the named insured and Dr. Papendick, including but not limited to the Lone Star Alliance policies and any excess or umbrella policies issued by any other carriers.

41.     Mr. Jackson is also a third-party beneficiary under the contract.

42.     Moreover, Mr. Jackson has standing to assert a declaratory action individually, apart from his status as an assignee of Dr. Papendick's rights, and so does so here.

## COUNT I - DECLARATORY JUDGMENT AS TO INSURANCE COVERAGE OBLIGATIONS

43.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44.     An actual, justiciable controversy exists between the parties regarding Defendant Lone Star Alliance, Inc.'s duty to indemnify Dr. Keith L. Papendick for the final judgment entered against him in the underlying civil rights action, *Jackson v. CHS TX, Inc.*, et al., Case No. 2:19-cv-13382 (E.D. Mich.), and the corresponding right of Kohchise Jackson, as assignee of Dr. Papendick and standing in the shoes of the insured, to enforce that duty and recover the applicable policy proceeds directly from Defendant Lone Star Alliance, Inc.

45.     Declaratory relief is appropriate under MCR 2.605 to determine the rights and obligations of the parties under the professional liability insurance policies issued by Defendant Lone Star Alliance, Inc.

8

46. Under Michigan law and the terms of the insurance policies, Defendant Lone Star Alliance, Inc. has a duty to indemnify Dr. Keith L. Papendick and Defendant Quality Correctional Care of Michigan, among others, for covered claims up to the applicable policy limits.

47. That duty has been fully triggered by the entry of the April 13, 2026, final judgment against Dr. Papendick, a covered insured, for damages arising from professional medical services rendered during the policy period.

48. The underlying judgment against Dr. Papendick arises from professional medical services rendered during the policy periods of January 1, 2017, through January 1, 2018, and potentially through 2019, and falls within the coverage grant of the applicable policies issued by Defendant Lone Star Alliance, Inc.

49. Defendant Lone Star Alliance, Inc.'s obligation to pay has been triggered because a final judgment has been entered against its insured, Dr. Keith L. Papendick, for damages arising from covered professional medical services.

50. The covered judgment against Dr. Papendick triggers Defendant Lone Star Alliance, Inc.'s obligation to pay the full $1,000,000 per-claim policy limit available under Policy No. 4-100159, and other applicable polices known or unknown

51. The insuring agreement, coverage provisions, and duty to pay judgments under the policies obligate Defendant Lone Star Alliance, Inc. to pay damages assessed against Dr. Papendick up to the applicable policy limits.

9

52. Kohchise Jackson, as assignee of Dr. Papendick, stands in the shoes of the insured and has full standing to enforce the duty to indemnify and all other policy obligations directly against Defendant Lone Star Alliance, Inc.

53. The valid and complete assignment from Dr. Papendick vests in Kohchise Jackson, as assignee, all rights to demand payment of the applicable policy limits, to seek declaratory and other relief, and to recover all benefits to which Dr. Papendick is entitled under the policies by reason of the April 13, 2026, judgment.

54. Upon recovery of any policy proceeds, those proceeds shall be applied to, and payable to, Kohchise Jackson, individually, as the judgment creditor, in partial satisfaction of the April 13, 2026, judgment.

55. Declaratory relief is necessary to determine Defendant Lone Star Alliance, Inc.'s obligation to pay the $1,000,000 per-claim policy limit under Policy No. 4-100159, and the policy limits under any and all other triggered policies covering the period 2017 through 2019, including any excess, umbrella, or overlapping coverage.

**WHEREFORE,** Plaintiffs Kohchise Jackson, individually, and Kohchise Jackson, as assignee of Dr. Keith L. Papendick, respectfully request that this Court enter a declaration that:

A. Defendant Lone Star Alliance, Inc. has a contractual duty to indemnify Dr. Keith L. Papendick under Policy No. 4-100159 and all other triggered professional liability policies for the final judgment entered against him in Jackson v. CHS TX, Inc., et al., Case No. 2:19-cv-13382 (E.D. Mich.);

10

B. That duty has been triggered by the April 13, 2026, final judgment, and Defendant Lone Star Alliance, Inc. must immediately pay the applicable $1,000,000 per-claim policy limit under Policy No. 4-100159 and the policy limits under any and all other triggered policies covering the period 2017 through 2019, including any excess, umbrella, or overlapping coverage;

C. Kohchise Jackson, as assignee of Dr. Keith L. Papendick, standing in the shoes of the insured, has standing to enforce all such coverage obligations directly against Defendants and is entitled to receive all policy proceeds due under the applicable policies; and

D. All policy proceeds so recovered shall be applied to, and payable to, Kohchise Jackson, individually, as judgment creditor, in partial satisfaction of the $307,600,000.00 judgment entered on April 13, 2026.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7777/ F: (313) 470-2011
Email: jon@markolaw.com

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
**LAURENCE H. MARGOLIS P.C.**
214 S. Main St., Ste 200
Ann Arbor, MI 48104
P: (734) 994-9590
Email: ian@lawinannarbor.com

Dated:  April 28, 2026

11

# EXHIBIT 1



**DEFENDANT'S TRIAL EXHIBIT 02**

**LONE STAR**

▼

**POLICY NUMBER  4-100159**

Renewal ☒ New Policy ☐

**Agent – USI/HLS**

### DECLARATIONS PAGE
### Professional Liability Insurance Policy
### Occurrence

<u>NAMED INSURED</u>: (including mailing address)

**Valitas Health Services, Inc.**
**103 Powell Court**
**Brentwood, TN 37027**

NAMED INSURED IS A(N):  **Group**
NOTICE:  THIS POLICY IS ISSUED BY YOUR
RISK RETENTION GROUP
Your risk retention group may not be subject to all of the insurance laws
and regulations of your state.  State insurance insolvency guaranty funds
are not available for your risk retention group.

<u>POLICY PERIOD</u>:

Effective Date:
Expiration Date:

**01/01/2017**
**01/01/2018**

Beginning and ending at 12:01 a.m.

<u>SPECIALTY</u>:

**See Schedule of Insureds**

<u>TOTAL PREMIUM</u>:

<u>LIMITS OF LIABILITY</u>:

| | |
|---|---|
| TOTAL POLICY AGGREGATE LIMIT | $22,500,000 |
| | |
| AGGREGATE SELF-INSURED RETENTION* | $18,500,000 |
| | |
| MEDICAL GROUP PROFESSIONAL LIABILITY | |
| Each Medical Incident – Each Physician Insured Limit | $1,000,000 |
| Each Medical Incident – All Other Non-Physician Insureds Combined Limit | $1,000,000 |
| Each Medical Incident Aggregate – All Insureds Combined Limit** | $2,000,000 |
| Each Physician Insured Aggregate Limit | $3,000,000 |
| Each Medical Incident – Physician Insured Self-Insured Retention | $1,000,000 |
| Each Medical Incident – All Other Non-Physician Insureds Combined Self-Insured Retention | $1,000,000 |
| Each Medical Incident Aggregate – All Insureds Combined Self-Insured Retention** | $2,000,000 |
| Each Physician Insured Aggregate Self-Insured Retention | $3,000,000 |
| | |

*The Aggregate Self-Insured Retention reduces the Total Policy Aggregate Limit.  The Aggregate Self-Insured Retention is reduced by damages only, not **Defense Costs**.  **Defense Cost** are paid directly by the **First Named Insured** and do not erode the Limits of Insurance or the Self-Insured Retention.  Thus, the maximum total amount payable as damages by Lone Star Alliance, Inc. is $4,000,000.

** The Each Medical Incident Aggregate – All Insureds Combined Limit and Self-Insured Retention apply regardless of the number of Insured defendants involved or named in a **medical incident**.

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 2:19-cv-13382
Hon. Gershwin A. Drain

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS, GALLAGHER &
CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
ALLIE J. FARRIS (P88654)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

## <u>JUDGMENT ON JURY VERDICT</u>

Following an eight-day jury trial in this Eighth Amendment deliberate

indifference and municipal liability case under 42 U.S.C. § 1983, the jury rendered

1

its verdict on April 2, 2026, finding Plaintiff Kohchise Jackson proved by a preponderance of the evidence that: (1) Defendant Dr. Keith Papendick was deliberately indifferent to Plaintiff's serious medical needs; (2) Defendant Corizon Health, Inc./CHS TX, Inc. was liable to Plaintiff under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); and (3) Plaintiff was entitled to an award of punitive damages against Defendants Papendick and Corizon Health, Inc./CHS TX, Inc. ECF No. 290, PageID. 10703-10705.

The jury determined that Plaintiff was entitled to $7,500,000.00 in compensatory damages for non-economic damages suffered. *Id.* at PageID. 10704.

The jury also assessed punitive damages against Defendant Corizon Health, Inc./CHS TX, Inc. in the amount of $300,000,000.00. *Id.* at PageID. 10705.

The jury also assessed punitive damages against Defendant Dr. Keith Papendick in the amount of $100,000.00. *Id.*

Accordingly, it is **ORDERED** that Judgment is **ENTERED** for Plaintiff.

Further, it is **ORDERED** that Plaintiff is **AWARDED** $7,500,000.00 in non-economic damages, against Defendants, jointly and severally.

Further, it is **ORDERED** that Plaintiff is **AWARDED** $300,000,000.00 in punitive damages against Defendant Corizon Health, Inc./CHS TX, Inc.

Further, it is **ORDERED** that Plaintiff is **AWARDED** $100,000.00 in punitive damages against Defendant Dr. Keith Papendick.

2

Further, it is **ORDERED** that such awards contained herein are reflective purely of the verdict issued by the jury on April 2, 2026, and in no way include, waive, or preclude the recovery or future right to move for any additional compensation, rights, or privileges available to Plaintiff or his attorneys under law, including, but not limited to, attorney fees, costs, or interest.

**This is a final order and closes the above-captioned case.**

Dated: April 13, 2026
/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 13, 2026, by electronic and/or ordinary mail.
/s/ Tara Villereal
Case Manager

# EXHIBIT 3



MARKOLAW.COM      P. (313) 777-7777    F. (313) 470-2011

April 7, 2026

Via Electronic Mail
Adam Masin (Adam.masin@bowmanandbrooke.com)
Rachel Weil (Rachel.weil@bowmanandbrooke.com)
Bowman and Brooke LLP
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084

> Re:  *Kohchise Jackson v. CHS TX, Inc. et al*
> *Case No. 19-cv-13382*

Dear Mr. Masin:

It has come to my attention through our own research that Defendants may have additional insurance policies that could potentially cover the loss in this matter. I am attaching for you a spreadsheet indicating some of the policies that we found. We are demanding that any/all potentially relevant coverage be disclosed immediately, along with any/all umbrella, excess, or potentially overlapping coverage. I further note that although the original occurrence as defined under the policy occurred in 2017, there are potential occurrences under the policy that could trigger coverage for both the year 2018 and 2019, while Mr. Jackson was still incarcerated and denied medical treatment by Corizon/CHS TX.

I look forward to your prompt response in this regard and to discussing this matter with you further. As you are aware, the more applicable insurance policies for the Defendants, the better it will be for them. Therefore, we trust you will expeditiously and diligently identify and produce all potentially relevant coverages for the loss sustained. I look forward to hearing from you. I remain,

Very Truly Yours,

Jonathan R. Marko (P72450)
Marko Law, PLLC
220 W. Congress St., 4th Floor
Detroit, MI 48226
jon@markolaw.com

**MAIN OFFICE:**
220 W. CONGRESS | 4TH FLOOR
DETROIT MI 48226

*PLEASE DIRECT ALL MAIL*
*TO OUR DETROIT OFFICE*

**MID MICHIGAN OFFICE:**
600 EAST BROADWAY, SUITE 101
MOUNT PLEASANT MI 48858

Case 2:26-cv-11795-GAD-PTM   ECF No. 1-2, PageID.38   Filed 06/01/26   Page 23 of 24

**Schedule 2**
**Professional Liability Insurance Policy Information**
Although reasonable efforts have been made to depict the coverage accurately, the information below should not be used as a definitive source of information, including the exhaustion or erosion of relevant limits of liability.

### Professional Liability Policies

| Policy | Period | Limits | Self-Insured Retention | Each Medical Incident Limit [*] | Each Medical Incident Self-Insured Retention[*] | Outstanding Self-Insured Retention | Aggregate Unpaid Limits |
|---|---|---|---|---|---|---|---|
| Lone Star Alliance 4-100109[†] | 3/4/2016-3/4/2017 | $6,000,000 (aggregate) $2,000,000 (per claim) | $50,000 (per claim) | n/a | n/a | $0.00 | $4,391,075 |
| Lone Star Alliance 4-100167[†] | 3/4/2017-3/4/2018 | $6,000,000 (aggregate) $2,000,000 (per claim) | $50,000 (per claim) | n/a | n/a | $0.00 | $435,149 |
| Lone Star Alliance 4-453898[†] | 3/4/2018-3/4/2019 | $6,000,000 (aggregate) $2,000,000 (per claim) | $50,000 (per claim) | n/a | n/a | $0.00-$30,601 (per claim) | $4,414,930 |
| Lone Star Alliance 4-454898[†] | 3/4/2019-7/1/2019 | $6,000,000 (aggregate) $2,000,000 (per claim) | $50,000 (per claim) | n/a | n/a | $38,452-$40,000 (per claim) | $3,701,266 |
| Lone Star Alliance 4-455388[†] | 7/1/2019-7/1/2021 | $6,000,000 (aggregate) $2,000,000 (per claim) | $50,000 (per claim) | n/a | n/a | $0.00-$50,000 (per claim) | $5,823,523 |
| Lone Star Alliance 4-100092 | 1/1/2016-1/1/2017 | $22,000,000 (aggregate) | $18,000,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $12,199,450 (aggregate) | $16,199,450 |
| Lone Star Alliance 4-100159 | 1/1/2017-1/1/2018 | $22,500,000 (aggregate) | $18,500,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $13,603,629 (aggregate) | $17,603,629 |
| Lone Star Alliance 4-453668 | 1/1/2018-1/1/2019 | $24,000,000 (aggregate) | $20,000,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $19,150,000 (aggregate) | $23,150,000 |
| Lone Star Alliance 4-454719 | 1/1/2019-1/1/2020 | $21,000,000 (aggregate) | $17,000,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $16,540,700 (aggregate) | $20,540,700 |
| Lone Star Alliance 4-455844 | 1/1/2020-1/1/2021 | $21,000,000 (aggregate) | $19,000,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $18,922,000 (aggregate) | $20,922,000 |
| Lexington 6797138 | 1/1/2012-1/1/2013 | $35,000,000 (aggregate) | $20,000,000 (aggregate) | $1,000,000-$3,000,000 | $1,000,000 | $424,547 (aggregate) | $12,811,659 |
| Lexington 6796728 | 1/1/2012-1/1/2013 | n/a | n/a | $500,000-$1,000,000 | n/a | n/a | n/a |
| Lexington 6797138 | 1/1/2013-1/1/2014 | $35,000,000 (aggregate) | $20,000,000 (aggregate) | $1,000,000-$10,000,000 | $1,000,000 | $0.00 | $8,043,570 |
| Lexington 6797600 | 1/1/2014-1/1/2015 | $48,000,000 (aggregate) | $24,000,000 (aggregate) | $250,000-$10,000,000 | $250,000-$1,000,000 | $262,540 (aggregate) | $9,045,085 |
| Lexington 6797914 | 1/1/2015-1/1/2016 | $48,000,000 (aggregate) | $24,000,000 (aggregate) | $250,000-$10,000,000 | $250,000-$1,000,000 | $1,802,051 (aggregate) | $17,849,542 |
| Ironshore 4334400 | 1/1/2020-1/1/2021 | $3,000,000 (aggregate) $1,000,000 (per claim) | $50,000 (per claim) | n/a | n/a | $31,469.12-$50,000 (per claim) | $3,000,000 |
| COPIC G-COP-600001 | 1/1/2021-1/1/2022 | $12,000,000 (aggregate) | $10,000,000 (aggregate) | $1,000,000-$3,000,000 | $1,000,000-$3,000,000 | $10,000,000 (aggregate) | $12,000,000 |
| Applied Medico-Legal Solutions G-AMS-600001 | 1/1/2022-1/1/2023 | $17,000,000 (aggregate) | $15,000,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $15,000,000 (aggregate) | $17,000,000 |
| Applied Medico-Legal Solutions G-AMS-600001 | 1/1/2023-1/1/2024 | $24,000,000 (aggregate) | $22,000,000 (aggregate) | $500,000-$3,000,000 | $1,000,000-$3,000,000 | $22,000,000 (aggregate) | $24,000,000 |

---

[*] Amounts may vary (a) depending on whether the insured is a physician or a "qualified healthcare provider" and, if so, whether the physician or "qualified healthcare provider" is enrolled in Medicare or certain state compensation funds; and (b) depending upon the state in which a medical incident occurred.  Aggregate medical incident limits and aggregate self-insured retentions may also apply.

[†] LSA Arizona Policy

4858-2762-0744

## Excess Professional Liability Policies

| Excess/Umbrella Policy | Period | Underlying Policy or Schedule of Underlying Amount | Excess Limits | Excess Unpaid Limits |
|---|---|---|---|---|
| Coverys # 5-10038 | 3/4/2016-3/4/2017 | Lone Star Alliance #4-100109 | $8,000,000 | $8,000,000 |
| Coverys # 5-10229 | 3/4/2017-3/4/2018 | Lone Star Alliance #4-100167 | $8,000,000 | $5,000,000 |
| Coverys #5-10262 | 3/4/2018-3/4/2019 | Lone Star Alliance #4-453898 | $8,000,000 | $8,000,000 |
| Coverys # 005TN000025399 | 3/4/2019-7/1/2021 | Lone Star Alliance #4-454898 and Lone Star Alliance #4-455388 for the extended reporting period of 7/1/2019-7/1/2021 | $8,000,000 | $2,200,000 |
| Underwriters (Beazley) B0180C121204 | 1/1/2012-1/1/2013 | $5,000,000 each Loss or Medical Incident | $10,000,000 | $7,302,372 |
| Underwriters (Beazley) B0180C131204 | 1/1/2013-1/1/2014 | $5,000,000 each Loss or Medical Incident | $10,000,000 | $8,461,562 |
| Underwriters (Beazley) B0180PD1431204 | 1/1/2014-1/1/2015 | $5,000,000 each Loss or Medical Incident | $10,000,000 | $4,833,789 |
| Underwriters (Beazley) B0180PD1531204 | 1/1/2015-1/1/2016 | $5,000,000 each Loss or Medical Incident | $10,000,000 | $10,000,000 |
| Nationwide/Scottsdale HPS0000015 | 1/1/2016-1/1/2017 | $5,000,000 each claim for Medical Professional Liability<br>Insurer: Multiple Insurers and Self-Insurance | $10,000,000 | $10,000,000 |
| Nationwide/Scottsdale HPS0000036 | 1/1/2017-1/1/2018 | $5,000,000 each claim for Medical Professional Liability<br>Insurer: Multiple Insurers and Self-Insurance | $10,000,000 | $9,955,809 |
| Nationwide/Scottsdale HPS0000058 | 1/1/2018-1/1/2019 | $5,000,000 each claim for Medical Professional Liability<br>Insurer: Multiple Insurers and Self-Insurance | $10,000,000 | $9,236,460 |
| Nationwide/Scottsdale HPS0000093 | 1/1/2019-1/1/2020 | $2,000,000 each patient in damages<br>Insurer: self-insurance<br><br>$5,000,000 each patient in damages for Medical Professional Liability<br>Insurer: Multiple Insurers and Self-Insurance | $10,000,000 | $10,000,000 |
| Nationwide/Scottsdale HPS0000146 | 1/1/2020-1/1/2021 | $2,000,000 each patient in damages<br>Insurer: self-insurance<br><br>$5,000,000 each patient in damages for Medical Professional Liability<br>Insurer: Multiple Insurers and Self-Insurance<br><br>Ironshore Specialty Insurance Company 4334400<br>$1,000,000 per claim; $3,000,000 aggregate | $10,000,000 | $10,000,000 |
| Nationwide/Scottsdale HPS0000232 | 1/1/2021-1/1/2022 | $5,000,000 each claimant in damages<br>Insurer: self-insurance<br><br>$5,000,000 each claimant in damages for Medical Professional Liability<br>Insurer: self-insurance<br><br>Ironshore Specialty Insurance Company #HC7AAB65W8001<br>$1,000,000 per claim; $3,000,000 aggregate | $10,000,000 | $10,000,000 |
| Oxford 567-22-NC | 1/1/2022-1/1/2023 | Applied Medico-Legal Solutions Risk Retention Group, Inc., Policy No. G-AMS-600001, effective 1/1/2022-1/1/2023<br>$2,000,000 each Medical Incident | $10,000,000 | $10,000,000 |

2