UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOCHISE JACKSON, individually,
and KOCHISE JACKSON, as assignee
of DR. KEITH L. PAPENDICK,

      Plaintiff,

v

LONE STAR ALLIANCE, INC.,
and QUALITY CORRECTIONAL
CARE OF MICHIGAN, P.C.,

      Defendants.

Case No. _____

Hon._____

---

| **DEFENDANT LONE STAR ALLIANCE, INC.'S, A RISK RETENTION GROUP, ANSWER TO THE DECLARATORY COMPLAINT AND SPECIAL AND/OR AFFIRMATIVE DEFENSES** |

_____/

JONATHAN R. MARKO (P72459)
ALLIE J. FARRIS (P88654)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
313-777-7777
jon@markolaw.com
allie@markolaw.com
melinda@markolaw.com

IAN T. CROSS (P83367)
LAURENCE H. MARGOLIS
(P69635)
LAURENCE H. MARGOLIS P.C.
Attorneys for Plaintiff
214 S. Main St, Ste 200
Ann Arbor, MI 48104
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance,
Inc., a Risk Retention Group
211 West Fort St #1400
Detroit, MI 48226
313-965-1900
tad@jacobsdiemer.com
npeplinski@jacobsdiemer.com

JAMES P. ALLEN, SR. (P52885)
SCHENK & BRUETSCH, PLC.
Attorney for Defendant Quality
Correctional Care of MI PC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
(313) 774-1000
james.allen@SBDetroit.com

_____/

## <u>DEFENDANT LONE STAR ALLIANCE, INC.'S, A RISK RETENTION GROUP, ANSWER TO THE DECLARATORY COMPLAINT AND SPECIAL AND/OR AFFIRMATIVE DEFENSES</u>

NOW COMES Defendant Lone Star Alliance Inc., a Risk Retention Group, improperly named as Lone Star Alliance Inc., by and through its counsel, Jacobs and Diemer P.C., and for its Answer to the Complaint for Declaratory Relief, states as follows:

1.     The allegations of paragraph 1 are admitted to the extent that the allegation claims that the amount in controversy exceeds $25,000. The remaining allegations regarding the jurisdiction of the state trial court are no longer relevant as this case has been properly removed to this Court's jurisdiction.

2.     The allegations of paragraph 2 are admitted to the extent that this Court, which is located in Wayne County, is proper venue for these proceedings. The remaining allegations regarding venue in state court are no longer relevant and are legally incorrect in the manner alleged.

### <u>PARTIES</u>

3.     The allegations of paragraph 3 are denied as untrue in the manner and form alleged, and because they contain incorrect statements

1

and conclusions of fact and law as no duty to defend or indemnify exists in this case. Indeed, even if a duty to indemnify existed under the insurance policy, which is specifically denied, the insurance policy contains no obligation to defend any lawsuit, including the underlying lawsuit between Plaintiff Kochise Jackson and Dr. Keith Papendick (the Underlying Lawsuit).

4.  The allegations of paragraph 4 are admitted to the fact that a judgment entered. That judgment otherwise speaks for itself.

5.  The allegations of paragraph 5 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. Lone Star did not issue policies of insurance to Quality Correctional Care or Dr. Keith Papendick. Quality Correctional Care was an additional insured in a policy of insurance issued by Lone Star to the First Named Insured Valitas Health Services, Inc.

6.  The allegations of paragraph 6 are admitted to the extent that Lone Star issued a policy of insurance to First Named Insured Valitas Health Services and that Quality Correctional Care is an additional insured under that policy. To the extent this paragraph alleges anything

further, denied.

7.      The allegations of paragraph 7 can be neither admitted nor denied by Lone Star for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

8.      The allegations of paragraph 8 can be neither admitted nor denied by Lone Star for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

## FACTUAL ALLEGATIONS

9.      Lone Star hereby incorporates by reference its responses to all proceeding paragraphs as set forth above as if fully set forth herein.

10.      The allegations of paragraph 10 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No record exists of a lawsuit being filed on that date, and if it was, Lone Star can neither admit nor deny that allegation for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

11.      The allegations of paragraph 11 can be neither admitted nor denied by Lone Star for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

12. The allegations of paragraph 12 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

13. The allegations of paragraph 13 are denied to the extent that they are inconsistent with the Judgment on Jury Verdict. The Judgment on Jury Verdict speaks for itself.

14. The allegations of paragraph 14 are admitted to the extent that Lone Star issued a policy of insurance to First Named Insured Valitas Health Services, Inc. with a policy period of January 1, 2017, to January 1, 2018, to which Quality Correctional Care is an additional insured.

15. The allegations of paragraph 15 are admitted to the extent that the relevant policy of insurance issued by Lone Star contains a $1,000,000 potential policy limit but denied to the extent that there is any available or applicable coverage for the claims raised in this matter under the terms of the relevant policy of insurance. Specifically, all precedent events to trigger coverage under the policy have not occurred, including but not limited to, the payment of the self-insured retention by the First Named Insured Valitas Health Services, Inc.

16.     The allegations in paragraph 16, are denied to the extent that they are inconsistent with the language of the relevant insurance agreement, which indicates: "**We** will reimburse the **First Named Insured** those sums in excess of the self-insured retention set forth in the Declarations Page of this policy that an **Insured** becomes legally obligated to pay others as damages resulting from a **medical incident** arising out of **professional services**." (2017 Policy, Ex A).

17.     The allegations of paragraph 17 are admitted to the extent that the underly Amended Complaint alleged violation of 42 U.S.C. § 1983 and alleged that Corizon Health, Inc. contracted with municipal government to provide healthcare to incarcerated persons.

18.     The allegations of Paragraph 18 are admitted.

19.     The allegations of Paragraph 19 are admitted.

20.     The allegations of Paragraph 20 are admitted.

21.     The allegations of Paragraph 21 are admitted.

22.     The allegations of Paragraph 22 are admitted.

23.     The allegations of Paragraph 23 are denied as phrased. On April 13, 2026, the United States District Court against all Defendants in favor of Plaintiff Kochise Jackson, individually, but that judgment was

5

not against all Defendants, including Dr. Papendick, for $307,600,000. Instead, the United States District Court entered judgment against all Defendants, jointly and severally, for $7,500,000 and then entered judgment against Corizon Health, Inc./CHS TX, Inc. for $300,000,000 in punitive damages and against Dr. Papendick for $100,000 in punitive damages.

24.     The allegations of paragraph 24 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. There is no contractual right to indemnity under the terms of the relevant Lone Star policy for anyone for the Kochise Jackson claim.

25.     The allegations of paragraph 25 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. There is no contractual right to indemnity under the terms of the relevant Lone Star policy for anyone for the Kochise Jackson claim.

26.     The allegations of paragraph 26 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. There is no contractual right to

indemnity under the terms of the relevant Lone Star policy for anyone for the Kochise Jackson claim.

27.     The allegations of Paragraph 27 are too vague and uncertain to admit or deny because the term "Defendants" in that paragraph is nebulous and undefined as to whether that demand was made on the Defendants in the Underlying Action or whether it was made to the Defendants in this current action. To the extent that "Defendants" refers to the Defendants in the underlying action, that allegations is admitted to the extent that a letter was sent, but the remainder of the allegation is denied as the letter contained in Plaintiff's Exhibit 2 merely demands policy information and did not demand payment. To the extent that "Defendants" refers to Defendants in this current action, that allegation is denied as to Lone Star because it did not receive a demand for policy information and payment as alleged, but Lone Star can neither admit nor deny the allegation as to Defendant Quality Correctional Care of Michigan, P.C. because Lone Star lacks sufficient knowledge or information to form a belief as to the truth of that part of the allegations, leaving Plaintiff to his proofs.

28.     The allegations of paragraph 28 regarding any and all

7

potentially relevant coverage, along with any and all umbrella, excess, or potentially overlapping coverage are admitted, but the remainder of the allegations are denied as the letter contained in Plaintiff's Exhibit 2 merely demands policy information and did not demand payment. To the extent that Paragraph 28 alleges anything further, those allegations are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. Specifically, no such demand was made, and no right to indemnification exists under the terms of the relevant Lone Star insurance policy.

29. The allegations of paragraph 29 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No such demand was made, and no right to indemnification exists under the terms of the relevant Lone Star insurance policy.

30. The allegations of paragraph 30 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No such demand was made, and no right to indemnification exists under the terms of the relevant Lone Star insurance policy.

8

31. The allegations of paragraph 31 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy. Specifically, the insuring agreement of the Lone Star policy states: "**We** will reimburse the **First Named Insured** those sums in excess of the self-insured retention set forth in the Declarations Page of this policy that an **Insured** becomes legally obligated to pay others as damages resulting from a **medical incident** arising out of **professional services**." (2017 Policy, Ex A). Thus, Lone Star is not obligated to pay anything under the policy because the self-insured retention has not been exhausted and because the payment would reimburse the First Named Insured Valitas Health Services, Inc., not Plaintiff and not Plaintiff as assignee of Dr. Papendick.

32. The allegations of paragraph 32 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. Lone Star did not issue a policy of insurance with Dr. Keth Papendick as a named insured and no known Lone Star insurance policy requires indemnity to anyone for the Kochise Jackson claim. As for the allegations about excess or umbrella policies by

9

any carrier that may provide coverage for the claims asserted in the Underlying Action, Lone Star can neither admit nor deny that allegation because it lacks sufficient knowledge or information to form a belief as to the truth of that part of the allegations, leaving Plaintiff to his proofs.

33. The allegations of paragraph 33 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

34. The allegations of paragraph 34 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

35. The allegations of paragraph 35 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

36. The allegations of paragraph 36 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs.

37. The allegations of paragraph 37 are neither admitted nor denied for lack of sufficient knowledge or information to form a belief as to their truth, and Plaintiff is left to his proofs. To the extent that

Paragraph 37 alleges anything about insurance coverage under the Lone Star policy, those allegations of paragraph 37 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy.

38.     The allegations of paragraph 38 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

39.     The allegations of paragraph 39 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

40.     The allegations of paragraph 40 regarding what Plaintiff seeks are neither admitted nor denied for lack of sufficient knowledge or

11

information to form a belief as to their truth, and Plaintiff is left to his proofs. The remaining allegations about potential coverage for the Kochise Jackson claim under the Lone Star policy are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter. As for the allegations about excess or umbrella policies by any carrier that may provide coverage for the claims asserted in the Underlying Action, Lone Star can neither admit nor deny that allegation because it lacks sufficient knowledge or information to form a belief as to the truth of that part of the allegation, leaving Plaintiff to his proofs.

41.    The allegations of paragraph 41 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. Mr. Jackson is not a third-party beneficiary of the Lone Star policy pursuant to Michigan law.

42.    The allegations of paragraph 42 are denied as untrue in the manner and form alleged, and because they contain incorrect statements

12

and conclusions of fact and law. Neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has standing to enforce the relevant Lone Star policy relevant to this matter because the policy is a reimbursement policy to the First Named Insured Valitas Health Services, Inc.

## COUNT I – DECLARATORY JUDGMENT AS TO INSURANCE COVERAGE OBLIGATIONS

43. Lone Star hereby incorporates by reference its responses to all proceeding paragraphs as set forth above as if fully set forth herein.

44. The allegations of paragraph 44 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has any right to enforce indemnification relevant to this matter.

45. The allegations in Paragraph 45 about MCR 2.605 allowing declaratory relief to determine the rights and obligations under an insurance policy are admitted. To the extent that this paragraph alleges anything further, those allegations are denied as untrue in the manner

13

and form alleged and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

46. The allegations of paragraph 46 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

47. The allegations of paragraph 47 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr Papendick  has a right to enforce indemnification relevant to this matter.

48. The allegations of paragraph 48 are admitted to the extent that the Underlying Amended Complaint alleges that Dr. Papendick

14

deferred the request for a surgical consult for colostomy reversal for Mr. Jackson sometime between April 18, 2017, and April 27, 2017. The remaining allegations of this paragraph are otherwise denied as coverage is not applicable under the relevant Lone Star policy. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

49.    The allegations of paragraph 49 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

50.    The allegations of paragraph 50 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to

enforce indemnification relevant to this matter.

51.   The allegations of paragraph 51 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr Papendick has a right to enforce indemnification relevant to this matter.

52.   Lone Star can neither admit nor deny that allegations of Paragraph 52 regarding the assignment between Plaintiff and Dr. Papendick because it lacks sufficient knowledge or information to form a belief as to the truth of that part of the allegations, leaving Plaintiff to his proofs. The remaining allegations of paragraph 52 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick  has a right to enforce indemnification relevant to this matter.

53.   Lone Star can neither admit nor deny that allegations of

16

Paragraph 52 regarding the assignment between Plaintiff and Dr. Papendick because it lacks sufficient knowledge or information to form a belief as to the truth of that part of the allegations, leaving Plaintiff to his proofs. The remaining allegations of paragraph 52 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

54.   The allegations of paragraph 54 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr. Papendick has a right to enforce indemnification relevant to this matter.

55.   The allegations of paragraph 55 are denied as untrue in the manner and form alleged, and because they contain incorrect statements and conclusions of fact and law. No right to indemnification exists under

the terms of the relevant Lone Star insurance policy, and neither Kochise Jackson nor Kochise Jackson as assignee of Dr Papendick has a right to enforce indemnification relevant to this matter. With regard to the allegations in paragraph 55 about other insurance policies not issued by Lone Star, it can neither admit nor deny those allegations because it lacks sufficient knowledge or information to form a belief as to the truth of that part of the allegations, leaving Plaintiff to his proofs.

WHEREFORE, Lone Star prays for judgment of no cause of action and denial of all relief requested by Plaintiff with costs and attorney fees so wrongfully incurred.

Respectfully submitted,

/s/Timothy A. Diemer
TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance, Inc.
a Risk Retention Group
211 West Fort St., #1400
Detroit, MI 48226
313-965-1900
Dated: June 1, 2026          tad@jacobsdiemer.com
neplinski@jacobsdiemer.com

18

## SPECIAL OR AFFIRMATIVE DEFENSES

NOW COMES Defendant Lone Star Alliance Inc., a Risk Retention Group, improperly named as Lone Star Alliance Inc., by and through its counsel, Jacobs and Diemer PC, and for its Special and/or Affirmative Defenses, states as follows:

1.     Plaintiff's declaratory complaint fails to state a claim or cause of action on which relief can be granted.

2.     The claims set forth in the declaratory complaint are barred in whole or in part by the expiration of the applicable statute of limitations.

3.     Plaintiff, including Plaintiff's claim through an assignment from Dr. Papendick, lacks standing to bring this claim against Lone Star.

4.     Plaintiff has a duty to mitigate his damages and has failed to do so.

5.     Plaintiff's claims are barred by waiver, estoppel, laches, fraud, unclean hands, and/or the statute of frauds.

6.     The declaratory complaint fails to state a claim or cause of action for breach of contract or breach of the policy of insurance because Lone Star has fully complied with the terms, conditions, and provisions

19

of the policy of insurance.

7. Plaintiff lacks the privity of contract required to bring this action.

8. Plaintiff is not a third-party beneficiary of the relevant insurance policy pursuant to Michigan law.

9. Plaintiff's suit is not ripe for adjudication.

10. Lone Star has no duty to defend, provide coverage, or indemnify anyone relevant to the judgment entered in the Underlying Action, *Kohchise Jackson v CHS TX, Inc, et al.*, United States District Court for the Eastern District of Michigan Case No. 2:19-cv-13382, before the Hon. Gershwin A. Drain.

11. No party to this action has standing or a right to indemnification relevant to the Underlying Action as the relevant Insuring Agreement merely provides for reimbursement of the First Named Insured for sums in excess of the Self-Insured Retention:

> **I.** *INSURING AGREEMENT*
> **Medical Group Professional Liability**
>
> **We** will reimburse the **First Named Insured** those sums in excess of the self-insured retention set forth in the Declarations Page of this policy that an **Insured** becomes legally obligated to pay others as damages

resulting from a **medical incident** arising out of **professional services.** The **medical incident** must take place during the **policy period.** A **claim** for a **medical incident** must be made within the coverage territory. The amount we will pay for damages is limited as described in Section IV. LIMITS OF INSURANCE. [Ex A, emphasis original.]

12. The policy defines "First Named Insured" as:

H. **First Named Insured** means the Named Insured designated first on the Declarations attached to this policy. [Ex A.]

13. The First Named Insured is Valitas Health Services, Inc., who is not a party to this action, was not party to the Underlying Action, and is not a party to the judgment relied on by Plaintiff in this matter.

14. The First Named Insured is only entitled to reimbursement when there has been exhaustion of the Self-Insured Retention:

When the Aggregate SIR has been exhausted by actual payments, **we** will reimburse the **First Named Insured** within 30 days of receipt of proof of indemnity payment by the **First Named Insured,** excess of the self-insured retention aggregate, for a covered **claim.** [Ex A, emphasis original.]

15. The Self-Insured Retention has not been exhausted, meaning that there is no current right to recover anything under the terms of this policy by anyone.

16. No defense is ever owed under the terms of the relevant policy:

This policy does not provide any **insured** with a defense to a **claim,** disciplinary proceeding or administrative proceeding. The policy does not pay or reimburse attorneys' fees or any other defense costs. Such fees and expenses are excluded in their entirety and do not reduce or exhaust any limits of liability or Self-Insured Retention. Payment of **defense costs** is the responsibility of the **First Named Insured.** [Ex A, emphasis original.]

17.    The Policy contains exclusions from coverage, including, but not limited to, a Dishonest Practices exclusion and an Expected or Intended Injury exclusion:

*III.   Exclusions*

This insurance does not apply to any **medical incident, claim,** or **suit** arising out of:
* * *

I.    Dishonest Practices

Dishonest, fraudulent, criminal or malicious acts, errors, or omissions.
* * *

O.    Expected or Intended Injury

Damages or harm expected or intended from an Insured's standpoint. [Ex A, emphasis original.]

18.    Any potential coverage is limited by the Limits of Insurance, including, but not limited to the fact that all related "medical incidents" to one patient are considered a single medical incident:

*IV.   LIMITS OF INSURANCE*

The Limits of Liability shown on the Declarations Page apply as follows:

22

A. The Each **Medical Incident** - Each **Physician Insured** Limit and the Each **Medical Incident** All Other Non-Physician **Insured's** Combined Limit are the most **we** will pay for damages under Section I. INSURING AGREEMENT - MEDICAL GROUP PROFESSIONAL LIABILITY for a single **medical incident** and/or all **bodily injury** to any one **patient** arising out of a single **medical incident** regardless of the number of **claims** made or **suits** brought; or persons or organizations making **claims** or bringing **suits.**

1. The Each **Medical Incident** - Each **Physician Insured** Limit applies separately to each **Physician Insured;** however any **locum tenens** and each **Physician Insured** for whom the **locum tenens** is substituting will share the same Each **Medical Incident** - Each **Physician Insured** Limit; and

2. The Each **Medical Incident** All Other Non-Physician **Insured 's** Combined Limit applies to all Named **Insureds** and all additional **Insureds** collectively, other than each **Physician Insureds.** This limit applies regardless of the number of **Insureds** who are covered under this policy.

All related or interrelated **medical incidents** causing **bodily injury** to a **patient** shall be deemed a single **medical incident** for the purpose of applying each **medical incident** limit. Refer to the "Self-Insured Retention Endorsement" with respect to the reduction of the Each **Medical Incident** - Each **Physician Insured** Limit and the reduction of the Each **Medical Incident** All Other Non-Physician **Insured's** Combined Limit.

23

B. The Each **Physician Insured** Aggregate Limit and All Other Non-Physician **Insureds** Aggregate Limit are the most **we** will pay for damages under Section I. INSURING AGREEMENT - MEDICAL GROUP PROFESSIONAL LIABILITY for each **policy period.**

1. Each **Physician Insured** Aggregate Limit applies separately to each **Physician Insured;** however any **locum tenens** and the **Physician Insured** for whom the **locum tenens** is substituting will share the same Each **Physician Insured** Aggregate Limit;

2. All Other Non-Physician **Insureds** Aggregate Limit separately to all Named **Insureds** and all additional **Insureds** collectively, other than each **Physician Insureds.** This limit applies regardless of the number of **Insureds** who are covered under this policy.

C. The Limit of Insurance shown on the Declarations as the Total Policy Aggregate Limit is the most **we** will pay for all damages under the MEDICAL GROUP PROFESSION LIABILITY COVERAGE PART combined. Refer to the "Self-Insured Retention Endorsement" with respect to the reduction of the Total Policy Aggregate Limit.

D. Subject to paragraph A., B, and C. above, all **claims** arising from one **medical incident** or a series of related **medical incidents** to any one **patient** shall be deemed to be a single **medical incident** and shall be deemed to have occurred at the time of the first **medical incident** regardless of the number of claimants, or the number of **Insureds** against whom such **claims** are made. If a **medical incident** commences prior to the

inception date of the first policy issued by **us** and continues thereafter, such fact will not prejudice such **medical incident** being covered under such first policy issued by **us.**

E. If the **policy period** is extended for an additional period of less than 12 months, the additional period will be deemed part of the **policy period** for purposes of determining the Limits of **Insurance.** [Ex A, emphasis original.]

19. Coverage under the relevant policy is subject to the Self-Insured Retention Endorsement.

20. The Self-Insured Retention Endorsement makes the First Named Insured solely responsible for the Self-Insured Retention:

A. The **First Named Insured** shall be solely responsible for the following as shown in the Declarations:
1. The Each Medical Incident - Each Physician Insured Self-Insured Retention;
2. The All Other Non-Physician Insured Self Insured Retention; and
3. The Aggregate Self Insured Retention which is eroded by No. 1 and No. 2 above. [Ex A, emphasis original.]

21. The Self-Insured Retention reduces the Total Policy Aggregate:

B. The Aggregate Self-Insured Retention is included within and reduces the Total Policy Aggregate Limit shown in the Declarations of this Policy. [Ex A, emphasis original.]

22. The Self-Insured Retention is reduced solely by the payment

25

of damages by the First Named Insured:

> **C.** This Aggregate Self-Insured Retention shall be reduced solely by the payment of damages and not defense costs by the First **Named Insured** for a covered **medical incident** under MEDICAL GROUP PROFESSIONAL LIABILITY OCCURRENCE COVERAGE PART. [Ex A, emphasis original.]

23. Lone Star only has a duty to pay the First Named Insured after the exhaustion of the Self-Insured Retention:

> **D.** With respect to the MEDICAL GROUP PROFESSIONAL LIABILITY OCCURRENCE COVERAGE PART, **our** obligation to pay damages applies only when the Aggregate Self-Insured Retention is exhausted by the payments set forth in Paragraph C. above and then only up to the applicable Limit of Insurance. [Ex A.]

24. The First Named Insured handles all claims within the Self-Insured Retention, not Lone Star:

> **E.** The **First Named Insured** shall handle all **claims** or **suits** within the applicable Self-Insured Retention of this policy. **We** do not have the duty to investigate or defend any **medical incident, claim** or **suit.** However, we may, at **our** discretion and expense, participate with **you** in the investigation of any such **medical incident** and the defense of any such **claim** or **suit** that may result and **you** shall provide **us** with **your** full cooperation. No **Insured** shall settle any **claim** or **suit** which obligates **us** to pay any amount under this policy without **our** prior written consent. [Ex A, emphasis original.]

25. Lone Star has no duty to make any payment until the First Named Insured has exhausted the Self-Insured Retention by payments of damages and this is not changed by bankruptcy, **which eliminates any payment of any kind available under the policy**:

> Under no circumstances will we make any payment under this policy unless and until the First Named Insured has exhausted the Aggregate Self-Insured Retention by the payment of damages arising from covered **medical incidents.** <u>If the First Named Insured is unable to pay any part of the Self-Insured Retention due to **bankruptcy, insolvency, or other financial difficulty, then this policy will not be required to "drop down" to make payments of policy limits and/or defense costs, and no payment of any kind will be available to the First Named Insured or any Insured under this policy**</u>. [Ex A, underlined emphasis added.]

26. The Self-Insured Retention relative to this policy has not been exhausted.

27. Given the lack of exhaustion and the relevant bankruptcy, no coverage is owed to anyone under the terms of this policy.

28. The Patient Bodily Injury Coverage Endorsement was added to the policy, subject to all terms, conditions and exclusion of the policy (Ex A).

29. The Bodily Injury to Patients Coverage, added by the Patient

27

Bodily Injury Coverage Endorsement provides coverage only when there is an "occurrence:"

> **Bodily Injury to Patients**
> **We** will pay those sums that an **Insured** becomes legally obligated to pay as damages because of **bodily injury** to a **patient** to which this insurance applies. The amount we will pay for damages is limited as described in Section **IV. LIMITS OF INSURANCE.** *All bodily injury in any way sustained by a patient shall for the purposes o[this endorsement be deemed a medical incident.*
>
> This coverage applies to **bodily injury** to a patient only if:
>
> 1.   The **bodily injury** is caused by an **occurrence** that takes place in the coverage territory; and
>
> 2.   The **bodily injury** occurs during the **policy period.**

[Ex A, emphasis original.]

30.   No "Occurrence" existed in this matter as defined by the policy:

> **O.   Occurrence** means:
>  1.   As respects **bodily injury,** property damage or medical expense, an accident, including continuous or repeated exposure to substantially the same general conditions, which results in **bodily injury** or property damage neither expected nor intended from the standpoint of the Insured. All such exposure to substantially the same general conditions shall be considered as arising out of one **occurrence.**
>  2.   As respects personal injury, an offense arising out of **your** business that results in personal injury. All damages that arise from the same or related injurious material or act shall be considered as

28

arising out of one **occurrence,** regardless of the frequency of repetition thereof, the number and kind of media used and the number of claimants. [Ex A, emphasis original.]

31. The policy defines "bodily injury" to exclude emotional distress or mental anguish as claimed in the Underlying Action and Judgment:

C. **Bodily injury** means physical injury, sickness or disease sustained by any person, including death resulting from any of these at any time. **Bodily injury** does not include emotional distress or mental anguish unless due to physical injury, sickness or disease. [Ex A, emphasis original.]

32. The Patient Bodily Injury Coverage Endorsement includes exclusions from coverage, including a Dishonest Practices exclusion and an Expected or Intended Injury exclusion:

This insurance does not apply to any **medical incident, occurrence, claim** or **suit** arising out of:
* * *
H. **Dishonest Practices**
Dishonest, fraudulent, criminal or malicious acts, errors, or omissions; however, **we** will defend civil **claims** alleging such acts, errors or omissions until final adjudication.
* * *
R. **Expected or Intended Injury**
Damages or harm expected or intended from an **Insured's** standpoint. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property. [Ex A, emphasis original.]

29

33. The policy contains a Maximum Aggregate Self-Insured Retention Erosion endorsement, which holds that a single medical incident can only erode the Self-Insured Retention by $2,000,000:

> The maximum amount that the Aggregate Self-Insured Retention shown on the DECLARATIONS shall be eroded by any single **medical incident** is $2,000,000. Until and unless the Aggregate Self-Insured Retention is exhausted on a paid basis, any payments for damages in excess of $2,000,000 for any single **medical incident** are the responsibility of the **First Named Insured.** [Ex A, emphasis original.]

34. As noted above, previous claims have not exhausted the Self-Insured retention. The Kochise Jackson claim cannot further erode the Self-Insured retention because Valitas Health Services, Inc. has not made any payment from the self-insured retention on this claim and, even if it had, such payment could at most only erode the Self-Insured Retention by $2,000,000 and no more. Thus, nothing is owed by Lone Star relative to this matter.

35. The policy was entered into as part of a Self-Administration of Claims and Indemnity Agreement, which controls the relations and responsibilities of the relevant parties to the policy (Ex A).

36. The Self-Administration of Claims and Indemnity Agreement limits the right to assignment, and Plaintiff's assignment from Dr.

Papendick does not comply with the limited right of assignment:

> None of the parties hereto may assign any of such party's rights under this "Agreement" (including by merger or other operation of law) without the prior written consent of the other parties hereto (which may not be unreasonably withheld or delayed) and any purported assignment without such consent shall be void, except that the "Insured" hereby agrees that the "Insurer" may assign all of its rights and obligations under this "Agreement" to an affiliate or to any entity that may acquire substantially all of the stock or assets of the "Insurer" or its parent corporation. Subject to the foregoing, this "Agreement" and all of the provisions hereof shall apply to, be binding upon, and inure to the benefit of the parties hereto and their successors and permitted assigns. [Ex A.]

37.     The policy conditions make compliance with the terms of the policy a condition precedent to the right to file or recover in suit from Lone Star:

> **F.**    Legal Action Against Us
>
> No person or organization has a right under this Policy:
>
> 1.     To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from **you;** or
> 2.     To sue **us** under this policy, unless all this policy's terms have been complied with in full.
>
> A person or organization may sue **us** to recover on an agreed settlement or on a final judgment against **you** obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of any Insuring Agreement or that are in excess of the applicable Limit of Insurance. An agreed settlement means a settlement and release of liability signed by **us, you** and the claimant or the claimant's legal

representative. [Ex A, emphasis original.]

38.   There has not been compliance with the terms of the policy, and this condition precedent is not satisfied.

39.   Plaintiff has requested insurance coverage for damages that are not insurable as a matter of law or on public policy grounds.

40.   Lone Star reserves the right to add such other special and/or affirmative defenses and/or to revise any such defenses as the basis becomes discovered in the course of discovery in this matter.

Respectfully submitted,

/s/Timothy A. Diemer
TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
JACOBS AND DIEMER, P.C.
Attorneys for Lone Star Alliance, Inc.,
a Risk Retention Group
211 West Fort St., #1400
Detroit, MI 48226
313-965-1900
Dated: June 1, 2026          tad@jacobsdiemer.com
                             neplinski@jacobsdiemer.com

## PROOF OF SERVICE

I hereby certify that on June 1, 2026, I e-filed the foregoing documents with the Clerk of the Court via the via CM-ECF/Pacer System, which will notify and serve the following of the filing of these documents as follows:

JONATHAN R. MARKO (P72459)
ALLIE J. FARRIS (P88654)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
313-777-7777
jon@markolaw.com
allie@markolaw.com
melinda@markolaw.com

IAN T. CROSS (P83367)
LAURENCE H. MARGOLIS (P69635)
LAURENCE H. MARGOLIS P.C.
Attorneys for Plaintiff
214 S. Main St, Ste 200
Ann Arbor, MI 48104
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

JAMES P. ALLEN, SR. (P52885)
SCHENK & BRUETSCH, PLC.
Attorney for Defendant Quality
Correctional Care of MI PC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
(313) 774-1000
james.allen@SBDetroit.com

Respectfully submitted,

/s/Timothy A. Diemer
TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance, Inc.
a Risk Retention Group
313-965-1900
tad@jacobsdiemer.com
npeplinski@jacobsdiemer.com

Dated: June 1, 2026