UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOCHISE JACKSON, individually,
and KOCHISE JACKSON, as assignee
of DR. KEITH L. PAPENDICK,

                Plaintiff,

v

LONE STAR ALLIANCE, INC.,
and QUALITY CORRECTIONAL
CARE OF MICHIGAN, P.C.,

                Defendants.

Case No. 26-cv-11795-LVP-APP

Hon. Gershwin A. Drain

Magistrate Judge Patricia T. Morris

JONATHAN R. MARKO (P72459)
ALLIE J. FARRIS (P88654)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
313-777-7777
jon@markolaw.com
allie@markolaw.com


IAN T. CROSS (P83367)
LAURENCE H. MARGOLIS
(P69635)
LAURENCE H. MARGOLIS P.C.
Attorneys for Plaintiff
214 S. Main St, Ste 200
Ann Arbor, MI 48104
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
SAMANTHA M. McLEOD (P84394)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance,
Inc., a Risk Retention Group
211 West Fort St #1400
Detroit, MI 48226
313-965-1900
tad@jacobsdiemer.com
npeplinski@jacobsdiemer.com
smcleod@jacobsdiemer.com

JAMES P. ALLEN, SR. (P52885)
SCHENK & BRUETSCH, PLC.
Attorney for Defendant Quality
Correctional Care of MI PC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
313-774-1000
james.allen@SBDetroit.com

**DEFENDANT LONE STAR ALLIANCE, INC'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND**

NOW COMES Defendant Lone Star Alliance Inc., a Risk Retention Group, improperly named as Lone Star Alliance Inc., by and through counsel, Jacobs and Diemer P.C., and responds to Plaintiff's Motion to Remand to the Wayne County Circuit Court and for Fees and Costs:

1.     Lone Star admits that the Complaint for Declaratory Relief was filed on April 28, 2026 in the Wayne Circuit Court (ECF No. 1-2, PageID 19-29).

2.     Lone Star admits that the improperly included defendant Quality Correctional Care of Michigan PC is a Michigan company, however, as laid out in the notice of removal (ECF No. 1), for purposes of diversity jurisdiction, Quality Correctional was fraudulently joined and its state of incorporation or principal place of business should not be considered in the jurisdictional analysis.

3.     Lone Star admits that it removed this case (ECF No. 1).

4.     Lone Star admits it invoked diversity jurisdiction under 28 USC 1332(a)(1) as the actual controversy between the relevant parties is between citizens of different states. Plaintiff has made no claim that there is a lack of diversity between Lone Star and Plaintiff but merely relies on his strategic inclusion of Quality Correctional as a defendant to

1

destroy diversity jurisdiction despite the fact no actual claim or cause of action is stated in the complaint against Quality Correctional (ECF No. 1-2, PageID. 19-29). In fact, Plaintiff filed a separate action against Quality Correctional, <u>Andrew Lyles and Kochise Jackson v Yitzchok Lefkowitz, Quality Correctional Care of Michigan PC, et al.</u>, Wayne Circuit Case No. 26-007091-CK, on the same day this complaint was filed. In that complaint, Plaintiff repeatedly admits that Lone Star has no duty to defend or indemnify in the underlying matter, contrary to the claim in this suit against Lone Star which inconsistently asserts a claim for coverage (Lefkowitz Complaint, Ex A, ¶¶ 37-41, 74, 128-133, 180). Plaintiff failed to disclose this related case or its highly relevant admissions in the above-captioned Complaint (Ex A):

> There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

> **PLAINTIFFS' COMPLAINT**

> NOW COME Plaintiffs, ANDREW LYLES AND KOHCHISE JACKSON, assignees of the claims of Dr. Keith Papendick, M.D., by and through their attorneys, **CROSS LAW PLLC, and MARKO LAW, PLLC,** and for their Complaint, states as follows:

2

5.     Lone Star admits that it is claiming fraudulent joinder of Quality Correctional in this case because Plaintiff has not plead any cause of action against the purported non-diverse Defendant Quality Correctional. And Lone Star also claims that Quality Correctional—if it belongs in this suit at all—should be re-aligned as a Plaintiff, which would mean that its citizenship does not defeat diversity jurisdiction.

6.     Lone Star denies that removal was improper. Complete diversity exists because Quality Correctional was fraudulently joined to defeat jurisdiction (Ex A; ECF No. 1-2, PageID. 19-29).

7.     Lone Star denies that Quality Correctional's inclusion in this case was anything other than a fraudulent joinder. The filing of a separate complaint on the same day this complaint was filed which actually asserts a claim against Quality Correctional confirms that Plaintiff knows how to plead a cause of action against that defendant but specifically chose not to in this case.

8.     Lone Star has provided the relevant law in its removal of this action. "A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." Casias v Wal-Mart, 695 F3d 428, 432-3 (6th Cir,

3

2012), citation omitted. In <u>Casias</u>, the District Court and Court of Appeals rejected the plaintiff's attempt to defeat diversity jurisdiction through the inclusion of the plaintiff's corporate employer and his individual store manager, whose presence would defeat complete diversity jurisdiction. The courts, however, analyzed whether the plaintiff could prove his claim that the store manager was individually liable based on a review of the factual record and legal authorities. Both courts noted potential counter arguments and ways in which the plaintiff could have proven his claim against the individual defendant but still deemed it to be a fraudulent joinder: "we find that the district court appropriately held that Defendant Estill's limited involvement in Plaintiff's discharge did not subject him to liability. The district court did not err in its conclusion that the state court complaint failed to state a plausible claim against Defendant Estill." p 434. In this case, Plaintiff does not even state a cause of action against Quality Correctional and would not recover anything or obtain a declaration of rights against a party he did not assert a claim against. Even if Plaintiff were able to prove each and every allegation in his complaint including Paragraph 46 which Plaintiff repeatedly highlights, there is no possibility that Plaintiff

would recover against Quality Correctional or obtain a favorable declaration against Quality Correctional. There is no chance Plaintiff can prevail against a party he has not even filed a claim against and there is no glimmer of hope of a recovery.

9.      Lone Star denies that ¶ 46 of Plaintiff's complaint alleges a colorable claim against Quality Correctional as it seeks nothing from Quality Correctional and even if it were found to be true, would not result in a recovery by against Quality Correctional (ECF No. 1-2, PageID. 27). In Chambers v HSBC Bank USA, NA, 796 F3d 560, 565 (CA 6, 2015), the plaintiff sought to defeat diversity jurisdiction by naming a paralegal involved in a sheriff's sale as a defendant but failed to assert any claim against that individual. The Sixth Circuit Court of Appeals agreed that the joinder was fraudulent where no actual claim was asserted against the paralegal and her designation as a defendant did not provide grounds for removal: "Koronowski was fraudulently joined; her designation as a defendant does not provide grounds for remand."

10.      Lone Star denies that Quality Correctional has any interest in this action given that it was neither a party to the underlying action nor subject to any duty to pay the judgment relied on by Plaintiff and, as

5

Plaintiff has admitted in <u>Lefkowitz</u>, never had a right to a defense or indemnity for the underlying action (Ex A). Plaintiff's assertion that it is necessary to include as a party any entity with a potential interest in a declaratory judgment action is false under Michigan law. All that is required is notice of the proceedings and there is no need to add an interested entity as a party. See <u>Cloud v Vance</u>, 97 Mich App 446, 451–52; 296 NW2d 68 (1980) ("In this case, plaintiff had an independent interest in the insurance policy from the time of the accident, contingent upon his recovery against the defendant. As we have indicated, we also find that under the circumstances of this case, **plaintiff was entitled to notice of the declaratory judgment action** brought by defendant insurance company.") (Emphasis added.)

11. Lone Star denies that any discussion of the merits was improper. Lone Star instead points out the actual terms of the insurance policy, which is required to be included as part of the complaint pursuant to MCR 2.113(C). As Plaintiff has admitted in the Lefkowitz Complaint, Quality Correctional has no right to indemnity or a defense by the terms of the written instrument made part of the complaint in this case and thus can have no interest in this case (Ex A).

6

12. Lone Star denies that there is any evidentiary dispute regarding the fact that, even if Quality Correctional had some interest in this action, that its interest would be as a plaintiff given that the sole paragraph relied on by Plaintiff as reason for including Quality Correctional in this case, ¶ 46, provides that that Quality Correctional has the same interest as Dr. Papendick, the party supposedly assigning his right to Plaintiff to form the basis of Plaintiff's complaint:

> Under Michigan law and the terms of the insurance policies, Defendant Lone Star Alliance, Inc. has a duty to indemnify Dr. Keith L. Papendick and Defendant Quality Correctional Care of Michigan, among others, for covered claims up to the applicable policy limits. [ECF No. 1-2, PageID 27.]

13. Lone Star denies that there is any possible doubt in existence on why Quality Correctional was included as a defendant despite no actual claim or cause of action being raised against Quality Correctional in this matter; without the assertion of any claim against Quality Correctional, its inclusion was to destroy diversity and prevent removal.

14. Lone Star states that, if any party is entitled to fees and costs in this case, it is Lone Star given that Plaintiff has repeatedly and openly admitted that there is no indemnity nor defense rights and has included a party as a defendant for no legitimate purpose (Ex A).

7

15. Lone Star denies that costs are warranted and claim is frivolous considering the lack of any claim against Quality Correctional.

16. Any costs incurred are a direct result of Plaintiff's decision to file a suit he concedes in another filing lacks merit and then include a defendant that he makes no claim against to destroy diversity.

17. Lone Star denies that Plaintiff complied with ED Mich LR 7.1(a) as counsel was never contacted prior to filing, requiring denial of the motion.

WHEREFORE, Lone Star respectfully requests that this Honorable Court deny the Motion to Remand.

Respectfully submitted,

/s/Timothy A. Diemer
TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance, Inc.,
a Risk Retention Group
tad@jacobsdiemer.com
DATED: June 24, 2026          npeplinski@jacobsdiemer.com

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOCHISE JACKSON, individually,
and KOCHISE JACKSON, as assignee
of DR. KEITH L. PAPENDICK,

Plaintiff,

v

LONE STAR ALLIANCE, INC.,
and QUALITY CORRECTIONAL
CARE OF MICHIGAN, P.C.,

Defendants.

Case No. 26-cv-11795-LVP-APP

Hon. Gershwin A. Drain

Magistrate Judge Patricia T. Morris

JONATHAN R. MARKO (P72459)
ALLIE J. FARRIS (P88654)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
313-777-7777
jon@markolaw.com
allie@markolaw.com


IAN T. CROSS (P83367)
LAURENCE H. MARGOLIS
(P69635)
LAURENCE H. MARGOLIS P.C.
Attorneys for Plaintiff
214 S. Main St, Ste 200
Ann Arbor, MI 48104
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
SAMANTHA M. McLEOD (P84394)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance,
Inc., a Risk Retention Group
211 West Fort St #1400
Detroit, MI 48226
313-965-1900
tad@jacobsdiemer.com
npeplinski@jacobsdiemer.com
smcleod@jacobsdiemer.com

JAMES P. ALLEN, SR. (P52885)
SCHENK & BRUETSCH, PLC.
Attorney for Defendant Quality
Correctional Care of MI PC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
313-774-1000
james.allen@SBDetroit.com

## LONE STAR'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ..........................................................................ii

STATEMENT OF QUESTIONS PRESENTED .........................................iv

STATEMENT OF CONTROLLING AUTHORITY ...............................v

COUNTER-STATEMENT OF MATERIAL FACTS ..............................1

ARGUMENT ........................................................................................9

    I.     This Matter Was Properly Removed to This Court Because Plaintiff Fails to State Any Claim Against Quality Correctional, Establishing Fraudulent Joinder ...............................9

    II.    Even if Quality Correctional were a Proper Party to This Case it Should be Realigned as a Plaintiff Rather Than a Defendant Based on the Allegations of the Complaint .............................20

CONCLUSION AND RELIEF REQUESTED................................. 25

# INDEX OF AUTHORITIES

**Page**

**Cases**

Allstate Ins Co v Hayes
442 Mich 56; 499 NW2d 743 (1993) ......................................................18

Bane v Pontiac Tp, Oakland Co
343 Mich 481; 72 NW2d 134 (1955) ......................................................19

Casias v Wal-Mart Stores, Inc
695 F3d 428 (6th Cir, 2012) .................................................... v, 12, 14, 17

Castle v 3M Co
664 F Supp 3d 770 (ED Ky, 2023)..........................................................16

Chambers v HSBC Bank USA, NA
796 F3d 560 (CA 6, 2015) ............................................................. v, 9, 10

City of Benton Harbor v Travelers Indemnity Co of Connecticut
No. 1:25-CV-861, 2026 WL 73787 (WD Mich, January 9, 2026)............23

Cloud v Vance
97 Mich App 446; 296 NW2d 68 (1980). ...................................... 6, 10, 17

Common Ground v Scottsdale Ins Co
2025 WL 2552163 (ED Mich, September 4, 2025),................................23

Coyne v American Tobacco Co
183 F3d 488 (6th Cir, 1999) ................................................. v, 11, 15, 18

Hudson v Village of Homer
351 Mich 73; 87 NW2d 72 (1957) ..........................................................18

Indianapolis v Chase Nat Bank of City of New York
314 US 63; 62 S Ct 15; 86 L Ed 47 (1941)...........................................v, 21

Kelley v McCafferty
283 Fed Appx 359 (6th Cir, 2008) ............................................................ 22

Kuhn v Washtenaw Co
709 F3d 612 (6th Cir, 2013) .................................................................... 22

Martin v Franklin Capital Corp
546 US 132; 126 S Ct 704; 163 L Ed 2d 547 (2005) ........................... v, 24

Navarro Sav Ass'n v Lee
446 US 458; 100 S Ct 1779; 64 L Ed 2d 425 (1980) ..................... v, 11, 13

Roman v Barlow
2012 WL 6594961 (SD Ohio, December 18, 2012) ................................. 22

US Fidelity & Guar Co v Thomas Solvent Co
955 F2d 1085 (6th Cir, 1992) ................................................... v, 21, 22, 24

Warthman v Genoa Twp Bd of Trustees
549 F3d 1055, 1059 (6th Cir, 2008) ........................................................ 25

## Statutes

28 USC 1332 ............................................................................................ 8
28 USC 1441 ............................................................................................ 8
28 USC 1447 ....................................................................................... v, 24

## STATEMENT OF QUESTIONS PRESENTED

I.     Whether this matter was properly removed to this Court given that Plaintiff fails to actually state a claim against Defendant Quality Correctional and the only reason to include Quality Correctional as a defendant in this matter is to destroy diversity jurisdiction?

II.    Whether even if Quality Correctional is a proper party to this case it should be realigned as a plaintiff rather than a defendant given that Plaintiff's allegation relied on to include Quality Correctional in this case states that Quality Correctional has the same interest as the party assigning his right to Plaintiff to form the basis of Plaintiff's supposed claims against Defendant Lone Star?

III.   Whether Plaintiff is entitled to attorney fees despite his fraudulent joinder of Quality Correctional?

iv

## STATEMENT OF CONTROLLING AUTHORITY

**Issue I** is controlled by <u>Chambers v HSBC Bank USA, NA</u>, 796 F3d 560, 565 (CA 6, 2015), <u>Coyne v American Tobacco Co</u>, 183 F3d 488, 493 (6th Cir, 1999), <u>Casias v Wal-Mart Stores, Inc</u>, 695 F3d 428, 432 (6th Cir, 2012), and <u>Navarro Sav Ass'n v Lee</u>, 446 US 458, 460; 100 S Ct 1779; 64 L Ed 2d 425 (1980).

**Issue II** is controlled by <u>Indianapolis v Chase Nat Bank of City of New York</u>, 314 US 63, 69; 62 S Ct 15; 86 L Ed 47 (1941) and <u>US Fidelity & Guar Co v Thomas Solvent Co</u>, 955 F2d 1085, 1089 (6th Cir, 1992).

**Issue III** is controlled by 28 USC 1447(c) and <u>Martin v Franklin Capital Corp</u>, 546 US 132, 141; 126 S Ct 704; 163 L Ed 2d 547 (2005).

## **COUNTER-STATEMENT OF MATERIAL FACTS**

This is a declaratory judgment action in which Plaintiff asserts rights to professional liability insurance coverage by assignment against Lone Star for the judgment entered in <u>Kohchise Jackson v CHS TX, Inc, et al.</u>, (ED Mich Case No. 2:19-cv-13382), before this Court ("Underlying Action"). The judgment in the Underlying Action was entered against Dr. Keith Papendick and Corizon Health Inc./CHS TX, Inc. (ECF No. 1-2 PageID 33-35). Quality Correctional was not a defendant in the Underlying Action and no Judgment was entered against it (ECF No. 1-2, PageID 33-35; ECF No. 1-4, Page ID 43-47).

Plaintiff bases his claimed right to bring this declaratory judgment action on an assignment from Dr. Papendick of his rights under the relevant Lone Star policy (ECF No. 1-2, PageID 25). Plaintiff did not obtain an assignment from the non-party to the Underlying Action/Judgment, Quality Correctional. Plaintiff's Complaint only asserts an assignment from Dr. Papendick.

### **Plaintiff's Declaratory Complaint Improperly Including Quality Correctional as a Defendant**

Plaintiff filed his declaratory judgment Complaint on April 28, 2026 (ECF No. 1-2 PageID 19). Although Quality Correctional is a named

1

defendant, the Complaint asserts no allegations or claims against Quality Correctional. Paragraph 46 generally asserts that Quality Correctional is entitled to coverage from Lone Star but Plaintiff obtained no assignment from Quality Correctional so any claim they may have for insurance coverage is not at issue in this case.

Instead, it merely identifies as Quality Correctional the employer of Dr. Papendick, the assignor of Plaintiff's claims (ECF No. 1-2 PageID 19-29). Plaintiff, instead, identifies Quality Correctional as having a shared interest in the supposed right to indemnity from Lone Star as Dr. Papendick:

> 5.     Defendant Lone Star Alliance, Inc. is a risk retention company that issued professional liability insurance policies to Defendant Quality Correctional Care of Michigan P.C. and its insured physicians, including Dr. Keith Papendick.
>
> 6.     Defendant Quality Correctional Care of Michigan P.C. is a Michigan professional corporation and an insured under the professional liability policies issued by Defendant Lone Star Alliance, Inc. [ECF No. 1-2, PageID 21.]

In Count I of the Complaint, Plaintiff does not identify any claim or right to recovery from Quality Correctional, but instead, states that Quality Correctional is owed the same supposed right to indemnity Plaintiff seeks to enforce through the assignment from Dr. Papendick:

2

46. Under Michigan law and the terms of the insurance policies, Defendant Lone Star Alliance, Inc. has a duty to indemnify Dr. Keith L. Papendick and Defendant Quality Correctional Care of Michigan, among others, for covered claims up to the applicable policy limits. [ECF No. 1-2, PageID 27.]

Plaintiff's prayer for relief contains no statement of a right to recovery or for any determination against Quality Correctional. Instead, it merely states that "Defendant Lone Star Alliance, Inc. has a contractual duty to indemnify Dr. Keith L. Papendick..." (ECF No. 1-2, PageID 28-29).

In answer to the Declaratory Complaint, Quality Correctional repeatedly answer that "the allegations are not directed at Defendant Quality Correctional Care of Michigan, PC," consistent with the point that no actual claim is raised against Quality Correctional (ECF No. 1-8, PageID 136-7 ¶¶ 44-55). Quality Correctional specifically recognized that ¶ 46 of the Declaratory Complaint did not raise a claim against it, answering that "the allegations are not directed at Defendant Quality Correctional" (ECF No. 1-8, PageID 136 ¶ 46). Quality Correctional asked that it be dismissed from the action (ECF No. 1-8, Page ID 137). And it concurred in the removal of this case to the Federal Court.

3

In the Underlying Action, Dr. Papendick was alleged to be employed by Corizon Health, Inc. (ECF No. 1-5, PageID 80 ¶ 9). Corizon Health admitted that Dr. Papendick was providing services on behalf of Corizon Health (ECF No. 1-6, PageID 101, ¶ 9). A joint defense was provided for Corizon Health and Dr. Papendick (ECF No. 1-5, Page ID 99-100). Plaintiff alleges that Quality Correctional was a "mere instrumentality" of Corizon Health and its successor corporation, including CHS TX, Inc. (ECF No. 1-2 Page ID 21).

Corizon Health is a listed additional insured as Quality Correctional under the terms of the insurance policy issued to the Named Insured Valitas Health Services, Inc. (ECF No. 2-1 PageID 187, 197-8). Despite this, Corizon Health/CHS TX, both of which are not Michigan residents, were not included as defendants in the declaratory judgment action (ECF 1-2, PageID 19). Instead, only the entity that could defeat diversity jurisdiction was named as a defendant.

**Plaintiff Has Another Suit Pending Against Quality Correctional Premised on the Admission That There is No Coverage Under the Lone Star Policy Plaintiff Claims Coverage Under in This Case**

On the same day that Plaintiff filed his Declaratory Complaint

4

against Lone Star and included Quality Correctional as a supposed defendant without raising an actual claim against it, Plaintiff filed a separate suit against Quality Correctional, CHS TX, and several others (Hereinafter "the Lefkowitz Complaint") (Ex A). In the Lefkowitz Complaint, Plaintiff raises actual claims against Quality Correctional, including claims of fraud, promissory estoppel, fraud based on false representations, fraud based on bad faith, tortious interference, unjust enrichment, and civil conspiracy (Ex A). This confirms Plaintiff knows how to assert a claim against Quality Correctional, a step taken in the Lefkowitz Complaint, but not in this one.

Despite being required to list other pending related actions when filing the Lefkowitz Complaint, Plaintiff concealed the existence of the Declaratory Complaint, falsely stating instead that there were no other pending related actions (Ex A). The Declaratory Complaint at issue here also fails to disclose the existence of the Lefkowitz Complaint.

Beyond being the vehicle for any claimed actual causes of action he has against Quality Correction, Plaintiff's Lefkowitz Complaint is directly premised on the fact that Plaintiff claimed injuries stemmed from the fact that no coverage exists under the Lone Star policy (Ex A).

5

Plaintiff specifically admits that the Lone Star policy provides that "the insurer's obligation to pay damages sat behind a massive self-insured retention of $20 million." (Ex A, ¶ 37). Plaintiff further admits that the Lone Star policy does not provide for defense costs:

> 40.    Thus, per the terms of the policy, the insurer is *never* liable for defense costs and is not responsible for any indemnification of any covered person until and unless Corizon Health has paid $20 million in damages and settlements for medical malpractice claims arising during the one-year policy period.  [Ex A, ¶ 40, emphasis original.]

Plaintiff further admits that the self-insured retention has not been satisfied (Ex A, ¶ 41). Plaintiff also directly quotes the language stating that, when a bankruptcy has occurred as has happened relevant to this matter, Lone Star has no duty to "drop down" and/or make any payment:

> "If the First Named Insured is unable to pay any part of the Self-Insured Retention due to bankruptcy, insolvency, or other financial difficulty, then this policy will not be required to "drop down" to make payments of policy limits and/or defense costs, and no payment of any kind will be available to the First Named Insured or any Insured under this policy." [Ex A, ¶ 39, quoting the Lone Star Policy.]

And Plaintiff admitted that, with the bankruptcy reorganization, the self-insured retention would not be satisfied:

> 74.    While the RemainCo was allocated some insurance rights under the Lone Star policies that ostensibly provide coverage for former Corizon doctors like Dr. Papendick,

6

RemainCo was not allocated sufficient cash or assets to satisfy the approximately $20-million-per-policy-year self-insured retentions applicable under those policies. [Ex A, ¶ 74.]

Plaintiff alleges fraud against the defendants in the Lefkowitz Complaint, including Quality Correctional, specifically because there could not be coverage under the Lone Star policy:

128. Defendant Quality Correctional Care of Michigan, P.C., Corizon Health, Inc., and Defendant Scott King failed to disclose to Dr. Papendick that the malpractice insurance policies that supposedly covered him for professional liability claims stemming from his employment with Defendant Quality Correctional Care of Michigan, P.C. did not cover defense costs at all, and sat behind extremely large self-insured retentions of approximately $18 million to $20 million per policy year.

129. Defendants failed to disclose to Dr. Papendick that Corizon Health, Inc. did not maintain reserves sufficient to satisfy the $18-$20 million self-insured retentions required for its malpractice insurance policies to provide any coverage, or that from December of 2021 through May of 2022, Defendants removed tens of millions of dollars in cash from Corizon, rendering it incapable of paying Dr. Papendick's defense costs or satisfying the self-insured retention for any policy year. [Ex A, ¶¶ 128-9.]

Plaintiff also made this lack of coverage point the express basis of his unjust enrichment claim:

Corizon Health, Inc. and Defendant Quality Correctional Care of Michigan, P.C. received a benefit, in the form of lower professional liability insurance premiums, when they purchased professional liability insurance that did not cover

7

defense costs and that sat behind self-insured retentions of approximately $20 million, while simultaneously failing maintain reserves sufficient to pay the self-insured retentions, such that the 3rd-party insurance coverage purportedly provided to employees of Quality Correctional Care of Michigan, P.C. was useless and illusory. [Ex A, ¶ 180.]

Unlike the Declaratory Complaint, Plaintiff seeks damages against, and a recovery from, Quality Correctional in the Lefkowitz Complaint (Ex A, pp 50-51).

### Lone Star Properly Removed this Case to Federal Court

Lone Star was served with the Declaratory Complaint on May 5, 2026, and timely filed its Notice of Removal consistent with the requirements of 28 USC 1441 (ECF No. 1; ECF No. 1-9, PageID 148). Plaintiff has not disputed the fact that he is a resident of Michigan within the meaning of 28 USC 1332 or that Lone Star is a Washington D.C. corporation with its principal place of business in Austin, Texas and is thus a resident/citizen of DC and Texas. This means that Lone Star is not a citizen of Michigan within the meaning of 28 USC 1332. (ECF No. 1).[1]

---

[1] Lone Star was not aware at the time of the existence of the Lefkowitz Complaint raising any supposed claims Plaintiff had against Quality Correctional, but the latter obtained complaint only confirmed why no claims at all were brought against Quality Correctional in the Declaratory Complaint and confirmed the inclusion of Quality Correctional as a defendant merely to improperly destroy diversity.

8

## ARGUMENT

**I.** **This Matter Was Properly Removed to This Court Because Plaintiff Fails to State Any Claim Against Quality Correctional, Establishing Fraudulent Joinder.**

If ever there were a case that meets the burden of showing that fraudulent joinder occurred, this is the case. Plaintiff really articulates no reason why Quality Correctional was included as a defendant in this action and can only offer that Quality Correctional was referenced and named in a Complaint his Counsel prepared. An analogous and controlling authority is Chambers, 796 F3d at 560, a case where the plaintiff challenged a sheriff's sale of property and sought damages with an initial filing in Oakland County Circuit Court. The defendants removed the case to federal court based on diversity jurisdiction that could not be defeated by plaintiff's fraudulent joinder of non-diverse defendants, including a paralegal that the plaintiff named as a defendant on the caption and included in allegations of the complaint.

The District Court and Sixth Circuit both agreed that because a paralegal at a private law firm could not be held liable under state law and because the Count naming the paralegal as a defendant did not actually assert a claim against them, their joinder was fraudulent. See

9

Chambers, 796 F3d at 566 ("[Paralegal] Koronowski was fraudulently joined; her designation as a defendant does not provide grounds for remand.") In other words, a plaintiff cannot manufacture a ground for remand to state court by naming as a party defendant an individual or entity that the plaintiff has no claim against. In Chambers, the plaintiff actually named the paralegal as a defendant in Count IV of the complaint, a step Plaintiff has not even taken here because there is no claim for insurance coverage against Quality Correctional, an entity that is not an insurance company.

Here, Plaintiff makes no claim against Quality Correctional but merely references the entity in the Complaint and places them on the caption his Counsel drafted. Even if Quality Correctional had an interest in the outcome of this suit, Quality Correctional only needs to have notice of this action rather than being named as a party. Cloud, 97 Mich App 451-2.

Plaintiff's claims against Quality Correctional are contained in the Lefkowitz Complaint (Ex A). Given that the Lefkowitz Complaint is the one in which Plaintiff actually seeks a recovery against Quality Correctional, the only reason to include Quality Correctional in this case

is because it is a Michigan resident destroying diversity. This is especially true given that Plaintiff alleges that Quality Correctional is a "mere instrumentality" of CHS TX (ECF No. 1-2 Page ID 21). If Quality Correctional is a "necessary defendant," why is CHS TX (the entity subject to the underlying judgment) also not a "necessary defendant?" The simple answer is because CHS TX, as a Texas company, does not serve Plaintiff's purpose of destroying diversity and preventing removal.

"Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." <u>Coyne v American Tobacco Co</u>, 183 F3d 488, 493 (6th Cir, 1999). The doctrine of fraudulent joinder has specifically been created to provide an exception to the requirement of complete diversity. <u>Id</u>. For the Plaintiff's complaint to survive a fraudulent joinder review, there must be a reasonable basis in state law that the non-diverse defendant could be held liable to Plaintiff. <u>Id</u>. "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." <u>Navarro Sav Ass'n v Lee</u>, 446 US 458, 460; 100 S Ct 1779; 64 L Ed 2d 425 (1980). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Id</u>. at 461.

11

Here, the Declaratory Complaint does not even allege a cause of action for indemnity or insurance coverage from Quality Correctional. There is no basis whatsoever Quality Correctional could be held liable.

"A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." <u>Casias</u>, 695 F3d at 432-3. In <u>Casias</u>, the Sixth Circuit rejected a plaintiff's attempt to defeat diversity jurisdiction by joining an individual store manager alongside a corporate employer in his employment discrimination claim. Even though the court analyzed whether the plaintiff could potentially prove individual liability based on the factual record, it ultimately affirmed a finding of fraudulent joinder because "the state court complaint failed to state a plausible claim against" the non-diverse individual. <u>Id</u>. at 434.

Here, the Court need not even go that far because from the face and substance of the Complaint, Plaintiff failed to even allege a claim against Quality Correctional. Plaintiff's Motion to Remand repeatedly refers to the fact that Paragraph 46 of the Complaint asserts that Quality Correctional is an insured under the Lone Star policy, but (a) Plaintiff received no assignment of any rights from Quality Correctional and (b)

12

Plaintiff makes no claim for insurance or indemnification from Quality Correctional. So even if Plaintiff fully proves the allegation in Paragraph 46, Plaintiff's rights will not be impacted and Quality Correctional would not have liability in favor of Plaintiff. "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." <u>Navarro Sav Ass'n v Lee</u>, 446 US 458, 460; 100 S Ct 1779; 64 L Ed 2d 425 (1980). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Id</u>. at 461.

In this case, Quality Correctional is not a real or substantial defendant. And there can be no reasonable basis for Plaintiff to believe that he will make a recovery against Quality Correctional. In fact, the allegations that Plaintiff raises are not that Quality Correctional owes Plaintiff anything in this matter, but instead that Quality Correctional may share the same interest as the party assigning the claim to Plaintiff:

> 5.    Defendant Lone Star Alliance, Inc. is a risk retention company that issued professional liability insurance policies to Defendant Quality Correctional Care of Michigan P.C. and its insured physicians, including Dr. Keith Papendick.
>
> 6.    Defendant Quality Correctional Care of Michigan P.C. is a Michigan professional corporation and an insured under the professional liability policies issued by Defendant Lone

13

Star Alliance, Inc. [ECF No. 1-2, PageID 21.]

In Count I of the Complaint, the sole count at issue in this case, Plaintiff does not identify any claim or right to recovery from Quality Correctional, but instead, states that Quality Correctional is owed the same supposed right to indemnity Plaintiff seeks to enforce through the assignment from Dr. Papendick:

> 46.    Under Michigan law and the terms of the insurance policies, Defendant Lone Star Alliance, Inc. has a duty to indemnify Dr. Keith L. Papendick and Defendant Quality Correctional Care of Michigan, among others, for covered claims up to the applicable policy limits. [ECF No. 1-2 Page ID 27.]

Plaintiff's prayer for relief contains no statement of a right to recovery from Quality Correctional. Instead, it merely states that "Defendant Lone Star Alliance, Inc. has a contractual duty to indemnify Dr. Keith L. Papendick…" (ECF No. 1-2 Page ID 28-29).

Thus, the Court can amply answer the central question for fraudulent joinder created by the Sixth Circuit and the United States Supreme Court. Based on the facts alleged, can there be a recovery for Plaintiff from Quality Correctional? Casias, 695 F3d at 432-3. The answer has to be "no," as even if every allegation were true in Plaintiff's complaint, it does not even seek a recovery from Quality Correctional but

14

instead states that Quality Correctional would be indemnified just like Dr. Papendick/Plaintiff.

### A. Plaintiff's Predominant Focus on Standard of Review Confirms the Lack of A Substantive Argument on the Merits

Plaintiff cites <u>Coyne</u> arguing that doubt should be resolved in favor of remand (ECF No. 8, PageID 273), but <u>Coyne</u> provides guidance favoring denying the motion in this case and there is no doubt here about the improper inclusion of Quality Correctional. <u>Coyne</u> involved a claim of a right to recover money for treatment for tobacco-related illnesses. The Court looked to the substance of the allegations and noted that they failed to meet the standard for the claim as the complaint failed to allege that the nondiverse defendants knew of the claimed defect/problem, which precluded recovery. <u>Coyne</u>, 183 F3d at 493. Thus, <u>Coyne</u> demonstrates that the Court should look to whether the substance of the allegations in the complaint actually would lead to a ruling against the non-diverse defendants. <u>Id</u>. When that occurs in this case, it is clear that fraudulent joinder is established because the substance of the complaint cannot lead to a ruling against Quality Correctional in favor of Plaintiff.

Plaintiff also attempts to rely on the statements from the District

15

Court for the Eastern District of Kentucky that fraudulent joinder should not be found if there is a "glimmer of hope" that the Plaintiff will recover from the non-diverse defendants. Castle v 3M Co, 664 F Supp 3d 770, 774 (ED Ky, 2023) (ECF No. 8, PageID 273-4). By not asserting a right to recovery or any declaration of rights in his favor against Quality Correctional, Plaintiff even fails to minimally plead a "glimmer of hope."

Further, in Castle the Court specifically explained that the allegations in the complaint were sufficient to support a product liability claim against the non-diverse defendants. The Court merely rejected the claim that a failure to conduct discovery and build that case against the non-diverse defendants changed a valid inclusion into fraudulent joinder. Id. at 774-5. In this case, Lone Star is not basing its argument on an assertion that Plaintiff has not gathered evidence for a claim against Quality Correctional but instead is showing that there is no cause of action alleged against Quality Correctional at all. And without any such allegations of a cause of action or a prayer for relief against Quality Correctional, there is no "glimmer of hope" for Plaintiff to cling to.

To support his supposed "glimmer of hope," Plaintiff argues that "paragraph [46] expressly names Quality Correctional Care as an entity

16

to whom Lone Star's contractual duty of indemnification runs." (ECF No. 8 PageID 275). But this only demonstrates the failure of Plaintiff's argument. It is simply irrelevant whether or not Lone Star owed anything to Quality Correctional as whether or not that is true will not result in a recovery for Plaintiff against Quality Correctional. Under Chambers, Paragraph 46 cannot save the inclusion of Quality Correctional from a finding of fraudulent joinder because Quality Correctional cannot be held liable to Plaintiff. See also, Casias at 432-3.

### B. Interested Parties are Entitled to Notice

Plaintiff also argues that the Court should find no fraudulent joinder because Quality Correctional is an interested party in the declaratory judgment action pursuant to MCR 2.205 (ECF No. 8, PageID 276-7). Plaintiff's own brief belies this claim as Plaintiff admits that Quality Correctional does not agree to its inclusion in this case and denies a right to recovery under the terms of the Lone Star policy (ECF No. 8 Page ID 282-3). Even if Quality Correctional were an interested party, it would only be entitled to notice of the Declaratory Complaint rather than formal addition to the case as a party. Cloud, 97 Mich App at 452 ("plaintiff was entitled to notice of the declaratory judgment action

17

brought by defendant insurance company.")

Moreover, the fact that Quality Correctional supposedly has an interest in the case because Plaintiff alleges that it has an equal right to indemnity as Plaintiff does not answer the question at issue in a fraudulent joinder review, which is whether the plaintiff presents a properly claim that can lead to recovery from the improperly included defendant. Coyne, 183 F3d at 493. As outlined above, Plaintiff does not even seek a recovery from Quality Correctional in this case.

Allstate Ins Co v Hayes, 442 Mich 56; 499 NW2d 743 (1993), does not support Plaintiff's contention that Quality Correctional's supposed interest in the declaratory action makes it a proper defendant in this matter. Hayes stands for the proposition that if an insurer obtains a default against the insured on the question of coverage, that default does not bind the injured party. That is not remotely the situation here.

Equally, Hudson v Village of Homer, 351 Mich 73, 85; 87 NW2d 72 (1957), does not state that a declaratory judgment action can only occur when all parties are included in the case. Instead, it rules that a conservation commission was a proper defendant in an action regarding water use of a claimed man-made lake that the commission would have

18

supervision authority over.

In fact, the Michigan Supreme Court has expressly ruled that a declaratory judgment action need not include all interested parties to proceed: "We have never held that all parties who are interested must be parties plaintiff. On the contrary the statute authorizes an action at the instance of *anyone* interested in the controversy." Bane v Pontiac Tp, Oakland Co, 343 Mich 481, 488; 72 NW2d 134 (1955), emphasis original, citation omitted.

This is especially clear when one realizes that Plaintiff did not bother to include Corizon Health/CHS TX as a defendant in this action despite the fact that Plaintiff argued in the Underlying Action that Corizon Health was the real employer, that Quality Correctional's creation was merely a means to circumvent Michigan law regarding corporations and the practice of medicine, that Quality Correctional is a "mere instrumentality," that Corizon Health is also an additional insured under the policy, and that Corizon Health/CHS TX were actual parties to the Underlying Action and subject to the judgment. Obviously, if Plaintiff was merely acting on the belief that every interested party had to be included, Corizon Health/CHS TX would be listed defendants as well. The

19

fact that they are both non-Michigan residents and were not included in the Declaratory Complaint only shows that Plaintiff's arguments are hindsight attempts to justify a clear example of fraudulent joinder.

## II.   Even if Quality Correctional were a Proper Party to This Case it Should be Realigned as a Plaintiff Rather Than a Defendant Based on the Allegations of the Complaint.

In removing this case, in addition to pointing out that Quality Correctional was fraudulently joined as a defendant, Lone Star also pointed out that any interest Quality Correctional would have would be as a Plaintiff, not a defendant (ECF No. 1, PageID 10-12). It was clear in the complaint that Plaintiff was not actually seeking recovery from Quality Correctional as a defendant. And it is even more clear from Plaintiff's motion that Quality Correctional is not a proper defendant because the sole basis for Plaintiff's claimed right to include Quality Correctional in this case is that Plaintiff believes that Quality Correctional shares the same supposed right to indemnity from Lone Star as Plaintiff (ECF No 8, PageID 275). Under the circumstances, Plaintiff's choice to list Quality Correctional as a defendant is legally and procedurally wrong.

"[T]he courts, not the parties, are responsible for aligning the

parties according to their interests in the litigation." US Fidelity & Guar

Co v Thomas Solvent Co, 955 F2d 1085, 1089 (6th Cir, 1992). It is the

federal court's duty to "look beyond the pleadings, and arrange the

parties according to their sides in the dispute." Indianapolis v Chase Nat

Bank of City of New York, 314 US 63, 69; 62 S Ct 15; 86 L Ed 47 (1941).

"If the interests of a party named as a defendant coincide with those of

the plaintiff in relation to the purpose of the lawsuit, the named

defendant must be realigned as a plaintiff for jurisdictional purposes."

Thomas Solvent Co, 955 F2d at 1089.

Again, this case clearly fits this law. Plaintiff points to ¶ 46 of his

complaint to state Quality Correctional's interest in this matter, but that

allegation merely states that Quality Correctional has the same interest

as the interest assigned to Plaintiff:

> "Under Michigan law and the terms of the insurance policies,
> Defendant Lone Star Alliance, Inc. has a duty to indemnify
> Dr. Keith L. Papendick and Defendant Quality Correctional
> Care of Michigan, among others, for covered claims up to the
> applicable policy limits." [ECF No. 8, PageID 275, quoting
> ECF No. 1-2, PageID 27, ¶ 46.]

Given that Plaintiff is conceding that the interests coincide, then the

proper alignment is on the same side as Plaintiff.  Thomas Solvent Co,

21

955 F2d at 1089.

Plaintiff argues that party realignment and fraudulent joinder cannot be raised at the same time, claiming some sort of conflict between the two. But Plaintiff cites not authority for this proposition. "[A]rguments adverted to in only a perfunctory manner, are waived." Kuhn v Washtenaw Co, 709 F3d 612, 624 (6th Cir, 2013), accord Kelley v McCafferty, 283 Fed Appx 359, 362 (6th Cir, 2008) (finding failure to cite authority abandoned an issue). But regardless, Plaintiff's position makes little sense given that the two doctrines work hand in hand to determine when a party is listed in a position that it should not be.

In fact, the Sixth Circuit has looked at the issues for alignment and diversity simultaneously, finding that they could not be severed: "the issues of realignment and diversity jurisdiction were not severable for the purpose of determining the proper standard of review." Thomas Solvent Co, 955 F2d at 1088. Thus, Plaintiff is simply wrong.

Moreover, fraudulent joinder and realignment were addressed in a declaratory judgment action in Roman v Barlow, 2012 WL 6594961, at *4 (SD Ohio, December 18, 2012), report and recommendation adopted, 2013 WL 765583 (SD Ohio, February 28, 2013). In that case, the plaintiff

22

listed a medical provider as a defendant for a declaratory judgment action against an insurance company. The Court noted that the provider had the same interest as the plaintiff and found that both realignment and fraudulent joinder applied to make removal of the case appropriate. The exact same conclusion was reached in City of Benton Harbor v Travelers Indemnity Co of Connecticut, No. 1:25-CV-861, 2026 WL 73787, at *3 (WD Mich, January 9, 2026) where it was found that the insured was fraudulently joined as a defendant by the injured party plaintiff in a declaratory judgment action against an insurer and was realigned as a plaintiff despite claimed lack of shared interest with the injured party plaintiff. This Court also looked at the issues together in Common Ground v Scottsdale Ins Co, 2025 WL 2552163, at *3 (ED Mich, September 4, 2025), although the Court in that case decided to just dismiss the fraudulently joined party because it was free to protect its own rights rather than force it to proceed in the pending suit filed by the plaintiff. Thus, the authority completely undermines Plaintiff's argument.

Plaintiff also claims that Quality Correctional should not be considered a plaintiff here because it is not plaintiff's "ally" is legally

23

incorrect (EFC No. 8, PageID 282). Parties must be aligned in accordance with the primary issue in the action, despite ancillary or secondary disputes between them. Thomas Solvent Co, 955 F2d at 1089. Here, as Plaintiff has repeatedly noted, the main interest at issue here is the right to indemnity for both the party assigning Plaintiff's rights and Quality Correctional (ECF No. 8, PageID 275, quoting ECF No. 1-2, PageID 27, ¶ 46). Further, given Plaintiff's admission regarding the lack of due indemnity in the Lefkowitz Complaint, if Quality Correctional also argues that there is no duty to indemnify, there is no actual split between the two. By existing authority, Quality Correctional should be a plaintiff if it is forced to remain in this case.

## III. Plaintiff is Not Entitled to Attorney Fees Given His Fraudulent Joinder of Quality Correctional

Attorney fees under 28 USC 1447(c) should be denied "when an objectively reasonable basis [for removal] exists, fees should be denied." Martin v Franklin Capital Corp, 546 US 132, 141; 126 S Ct 704; 163 L Ed 2d 547 (2005). As outlined above, Lone Star has acted more than reasonably as Plaintiff points to nothing more than an allegation stating that Quality Correctional shares the same interest for claiming

24

indemnity as Plaintiff, meaning that Quality Correctional has been fraudulently joined and improperly aligned in this matter. This is especially so as Plaintiff's own cited case notes that fees should be denied "absent unusual circumstances," which do not exist in this case. Warthman v Genoa Twp Bd of Trustees, 549 F3d 1055, 1059 (6th Cir, 2008). There are no unusual circumstances in this removal where even now Plaintiff cannot articulate an actual claim he has against Quality Correctional. Therefore, the request for fees and costs should not be granted as Plaintiff's Counsel included the request to project false confidence.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and in the notice of removal, Lone Star respectfully requests that this Honorable Court deny the motion and retain jurisdiction in this matter.

Respectfully submitted,

/s/Timothy A. Diemer
TIMOTHY A. DIEMER (P65084)
NATHAN PEPLINSKI (P66596)
JACOBS AND DIEMER, P.C.
Attorneys For Lone Star Alliance, Inc.,
a Risk Retention Group
tad@jacobsdiemer.com
DATED: June 24, 2026          npeplinski@jacobsdiemer.com

25

## PROOF OF SERVICE

I hereby certify that on June 24, 2026 I e-filed the foregoing documents with the Clerk of the Court via the via CM-ECF/Pacer System, which will notify and serve the following of the filing of these documents as follows:

JONATHAN R. MARKO (P72459)
ALLIE J. FARRIS (P88654)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
313-777-7777
jon@markolaw.com
allie@markolaw.com

IAN T. CROSS (P83367)
LAURENCE H. MARGOLIS
(P69635)
LAURENCE H. MARGOLIS P.C.
Attorneys for Plaintiff
214 S. Main St, Ste 200
Ann Arbor, MI 48104
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

JAMES P. ALLEN, SR. (P52885)
SCHENK & BRUETSCH, PLC.
Attorney for Defendant Quality
Correctional Care of MI PC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
(313) 774-1000
james.allen@SBDetroit.com

Respectfully submitted,

/s/Timothy A. Diemer
TIMOTHY A. DIEMER (P65084)
**JACOBS AND DIEMER, P.C.**

DATED: June 24, 2026