UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON, individually, and
KOHCHISE JACKSON, as assignee of
DR. KEITH L. PAPENDICK,

     Plaintiffs,

-vs-

LONE STAR ALLIANCE, INC., and
QUALITY CORRECTIONAL CARE OF
MICHIGAN, P.C.

     Defendants.

Case No. 2:26-cv-11795
Hon. Gershwin A. Drain
Mag. Patricia T. Morris

| | |
|---|---|
| JONATHAN R. MARKO (P72450)<br>ALLIE J. FARRIS (P88654)<br>**MARKO LAW, PLLC**<br>Attorney for Plaintiff<br>220 W. Congress, Fourth Floor<br>Detroit, MI 48226<br>P: (313) 777-7777 / F: (313) 470-2011<br>jon@markolaw.com<br>allie@markolaw.com<br>melinda@markolaw.com | JAMES P. ALLEN, SR. (P52885)<br>**SCHENK & BRUETSCH, PLC**<br>Attorney for Defendant Quality Care of MI<br>211 W. Fort Street, Suite 1410<br>Detroit, MI 48226<br>(313) 774-1000<br>james.allen@SBDetroit.com |
| IAN T. CROSS (P83367)<br>LAURENCE H. MARGOLIS (P69635)<br>**LAURENCE H. MARGOLIS P.C.**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>ian@lawinannarbor.com<br>larry@lawinannarbor.com | TIMOTHY A. DIEMER (P65084)<br>NATHAN PEPLINSKI (P66596)<br>**JACOBS AND DIEMER, P.C.**<br>Attorneys for Defendant Lone Star Alliance<br>211 W. Fort Street, Suite 1400<br>Detroit, MI 48226<br>P: (313) 965-1900<br>tad@jacobdiemer.com<br>npeplinski@jacobdiemer.com |

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND TO WAYNE COUNTY CIRCUIT COURT AND FOR FEES AND COSTS

1

## <u>TABLE OF CONTENTS</u>

Index of Authorities ................................................................................... ii

Concise Statement of Issues Presented .................................................... iv

Controlling or Most Appropriate Authority .............................................. v

Introduction ............................................................................................... 1

    I.    Lone Star Cannot Establish Fraudulent Joinder Because QCC Is a Named Additional Insured With a Real Stake in the Coverage Determination, and Its Response Asks This Court to Resolve Coverage Merits at the Remand Stage ............................... 1

    II.   Realignment Does Not Preserve Jurisdiction Because QCC's Interests Are Adverse to Plaintiffs, and Lone Star's Removal Lacked an Objectively Reasonable Basis Warranting an Award of Fees and Costs ............................................................................. 5

Conclusion ................................................................................................. 8

i

## INDEX OF AUTHORITIES

### Cases

*Alexander v. Electronic Data Systems Corp.*,
13 F.3d 940 (6th Cir. 1994) ........................................................................................

*Allstate Insurance Co. v. Hayes*,
442 Mich. 56 (1993) ....................................................................................................

*Casias v. Wal-Mart Stores, Inc.*,
695 F.3d 428 (6th Cir. 2012) ......................................................................................

*Chambers v. HSBC Bank USA, N.A.*,
796 F.3d 560 (6th Cir. 2015) ......................................................................................

*City of Benton Harbor v. Travelers Indemnity Company of Connecticut*,
2026 WL 73787 (W.D. Mich. Jan. 9, 2026) ...............................................................

*Cloud v. Vance*,
97 Mich. App. 446 (1980) ...........................................................................................

*Common Ground v. Scottsdale Insurance Co.*,
2025 WL 2552163 (E.D. Mich. Sept. 4, 2025) ...........................................................

*JHohman, LLC v. U.S. Security Associates, Inc.*,
513 F. Supp. 2d 913 (E.D. Mich. 2007) ....................................................................

*Kasprowicz v. Capital Credit Corp.*,
524 F. Supp. 105 (E.D. Mich. 1981) .........................................................................

*Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*,
512 F. App'x 485 (6th Cir. 2013) ...............................................................................

*Richland Maintenance Inc. v. Arch Insurance Co.*,
No. 16-13417, 2017 WL 7794582 (E.D. Mich. June 23, 2017) ...............................

*Scott v. State Farm Fire & Casualty Co.*,
No. 13-13287, 2014 WL 3054784 (E.D. Mich. July 7, 2014) ..................................

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

*U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,*
955 F.2d 1085 (6th Cir. 1992) ...............................................................................

*United States Fid. & Guar. Co. v. Thomas Solvent Co.,*
132 F.R.D. 660 (W.D. Mich. 1990)........................................................................

*Walker v. Philip Morris USA, Inc.,*
443 F. App'x 946 (6th Cir. 2011)............................................................................

*Warthman v. Genoa Township Board of Trustees,*
549 F.3d 1055 (6th Cir. 2008) ...............................................................................

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  Should this case be remanded to state court where Plaintiffs seek declaratory relief affecting the rights and obligations of a non-diverse, Michigan-based Defendant that is a named insured under the very policy at issue, thereby defeating complete diversity and depriving this Court of subject matter jurisdiction?

**Plaintiffs state:** **Yes.**

**This Court should state:** **Yes.**

**Defendants state:** **No.**

II. Should this Court award Plaintiffs their costs and attorney fees incurred as a result of removal where the removing Defendant lacked an objectively reasonable basis for asserting fraudulent joinder of a named insured whose coverage rights and obligations are directly implicated by the policy at issue in this action?

**Plaintiffs state:** **Yes.**

**This Court should state:** **Yes.**

**Defendants state:** **No.**

iv

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 1332(a)

28 U.S.C. § 1447(c)

*Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994)

*Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428 (6th Cir. 2012)

*U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992)

*Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055 (6th Cir. 2008)

**INTRODUCTION**

Lone Star removed this case by asserting that QCC, a named additional insured expressly identified in the operative count as an entity owed indemnification, was fraudulently joined because Plaintiff does not seek a money judgment against it. Lone Star's response confirms the problem: rather than identify undisputed facts negating a colorable claim, Lone Star asks this Court to resolve coverage merits, apply SIR data from a different policy year, treat separate-lawsuit allegations as binding admissions, and ignore QCC's twenty-one substantive affirmative defenses. None of that is permitted at the remand stage. Remand and fees are required.[1]

**I.      LONE STAR CANNOT ESTABLISH FRAUDULENT JOINDER BECAUSE QCC IS A NAMED ADDITIONAL INSURED WITH A REAL STAKE IN THE COVERAGE DETERMINATION, AND ITS RESPONSE ASKS THIS COURT TO RESOLVE COVERAGE MERITS AT THE REMAND STAGE.**

Lone Star's response confirms why remand is required and still does not address the Declaratory Complaint's paragraph 46, the operative paragraph of this case's only count, which expressly alleges that Lone Star has a duty to indemnify QCC by name. Lone Star's response does not fill that gap. It papers over it.

---

[1] Plaintiffs' counsel sought concurrence but inadvertently sent the email to an incorrect domain address. **Exhibit 1.** The error was inconsequential as Lone Star received notice, filed a response, and concurrence would not have been provided. A technical deficiency does not warrant denial where the opposing party suffered no prejudice and concurrence would plainly have been refused. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 342 (E.D. Mich. 1995); *Dorman Products, Inc. v. Dayco Products, LLC*, 749 F. Supp. 2d 630, 634 (W.D. Mich. 2010).

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

The fraudulent joinder doctrine imposes a demanding standard on the party seeking removal. There can be "no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). All disputed facts and state-law ambiguities must be resolved in Plaintiff's favor. *Id.* When a court looks beyond the pleadings, it may do so only "for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

The Lefkowitz Complaint does not satisfy that standard. Lone Star relies on paragraph 41 of that complaint for the proposition that the self-insured retention has not been satisfied, but that paragraph addresses only the 2016 Lone Star policy, Policy No. 4-100092. **ECF No. 12-1, PageID.394, ¶ 41.** The Declaratory Complaint concerns the 2017 policy, Policy No. 4-100159, for the policy period January 1, 2017 through January 1, 2018. **ECF No. 1-2.** Whether the SIR status of a different policy year affects coverage under the policy at issue is a contested legal and factual question that cannot be resolved at the remand stage. Lone Star also asks the Court to treat Plaintiffs' litigation positions in a separate adversarial lawsuit as binding admissions. The Sixth Circuit has made the boundary clear: when a court evaluates "the nature and sufficiency of the evidence supporting Plaintiff's claims" rather than asking whether a colorable claim exists, it goes "beyond the relevant inquiry" and

conducts "the traditional Rule 56 inquiry." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 955-56 (6th Cir. 2011). Even a formal deemed admission in the same case is insufficient to establish fraudulent joinder, because "this in no way precludes the possibility that Plaintiff may ***acquire*** such evidence in the ordinary course of discovery." *JHohman, LLC v. U.S. Security Associates, Inc.*, 513 F. Supp. 2d 913, 920 (E.D. Mich. 2007).

Beyond what it cannot do, the Lefkowitz Complaint actually confirms what it was introduced to deny. In that complaint, QCC is named as a defendant in Count I (Silent Fraud), alleging that QCC, as Papendick's employer, failed to disclose the nature of the insurance coverage to him, and in Count VI (Unjust Enrichment), alleging that QCC received lower insurance premiums while providing coverage that was illusory for its employees. *See* **ECF No. 12-1.** A party carrying active fraud and unjust enrichment claims in related insurance litigation over the same coverage arrangement is not a nominal defendant manufactured to destroy diversity.

Lone Star's central mistake is applying the wrong legal standard. Lone Star asks, repeatedly, whether Plaintiffs can recover money directly from QCC. That is not the question in a declaratory coverage action. This Court addressed the issue directly in *Scott v. State Farm Fire & Casualty Co.*: "a non-diverse defendant was not fraudulently joined, even though no colorable claim was asserted against it and no relief was sought from that party, where it was a necessary party to the action

3

under state law because its interests would be substantially effected by a judgment." No. 13-13287, 2014 WL 3054784, at *4 (E.D. Mich. July 7, 2014). QCC's position is stronger: paragraph 46 of the Declaratory Complaint names QCC as an entity to whom Lone Star owes a duty of indemnification, and Lone Star's own Answer admits "Quality Correctional Care is an additional insured under that policy." **ECF No. 2, PageID.154, ¶ 6.** Michigan law required QCC's joinder to make any coverage declaration binding on its independent rights. Under *Allstate Insurance Co. v. Hayes*, "it is essential in an action for declaratory judgment that all parties having an apparent or possible interest in the subject matter be joined so that they may be guided and bound by the judgment." 442 Mich. 56, 65-66 (1993).

Lone Star's cited cases confirm this result when read in full. The paralegal in *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560 (6th Cir. 2015), had no insured status under any relevant policy and faced no pleaded coverage obligation running to her by name. In *Common Ground v. Scottsdale Insurance Co.*, 2025 WL 2552163 (E.D. Mich. Sept. 4, 2025), the non-diverse defendant had no insured status, was conceded by all parties to be nominal, filed no substantive defenses, and faced no coverage allegation comparable to paragraph 46. Paragraph 46 is precisely what those cases lacked. Lone Star's reliance on *City of Benton Harbor v. Travelers Indemnity Company of Connecticut*, 2026 WL 73787, at *3 (W.D. Mich. Jan. 9, 2026), fares no better: the court found the non-diverse defendants were not

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

JM MARKO LAW

fraudulently joined and avoided remand only by realigning parties whose interests provably coincided, a predicate absent here. *Cloud v. Vance*, 97 Mich. App. 446 (1980), addressed notice rights for injured parties in a structurally different proceeding and provides no basis for treating a named additional insured as fraudulently joined.

QCC filed twenty-one substantive affirmative defenses contesting the assignment, SIR exhaustion, justiciability, professional services coverage, and the coverage effect of the underlying judgment. A party with no stake does not do that. Because Lone Star has not demonstrated it is "clear that there can be no recovery," *Alexander*, 13 F.3d at 949, QCC's named additional insured status, paragraph 46's pleaded coverage obligation, and QCC's own litigation posture each supply a colorable basis for its inclusion. QCC is a Michigan professional corporation, Plaintiff is a Michigan citizen, complete diversity is absent, and remand to Wayne County Circuit Court is mandatory.

## II. REALIGNMENT DOES NOT PRESERVE JURISDICTION BECAUSE QCC'S INTERESTS ARE ADVERSE TO PLAINTIFFS, AND LONE STAR'S REMOVAL LACKED AN OBJECTIVELY REASONABLE BASIS WARRANTING AN AWARD OF FEES AND COSTS.

Lone Star argues in the alternative that if QCC has any stake in this action, it should be realigned as a plaintiff. The argument collapses under its own premise. Fraudulent joinder requires a finding that QCC has no cognizable interest. Realignment requires a finding that QCC has a real and substantial interest

5

coinciding with Plaintiffs. The concession embedded in the realignment argument independently defeats the fraudulent joinder theory: a party with an interest worth realigning was not fraudulently joined.

The realignment argument fails on its own terms. The Sixth Circuit's controlling decision in *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.* confirms that realignment is inappropriate where genuine antagonism exists between the parties as originally aligned: "the antagonism between plaintiff and the [defendant] ... made them genuine adversaries" supporting a "collision of interests" that justified keeping the parties on opposite sides. 955 F.2d 1085, 1091 (6th Cir. 1992). QCC filed twenty-one affirmative defenses contesting the assignment, justiciability, SIR exhaustion, whether the underlying judgment establishes coverage, and the scope of professional services coverage. That is antagonism, not alignment. *Richland Maintenance Inc. v. Arch Insurance Co.*, No. 16-13417, 2017 WL 7794582, at *5 (E.D. Mich. June 23, 2017) (realignment inappropriate where "the primary question of liability remains in flux pending judicial determination"). Courts in this district are also instructed to be "particularly aware of strategic party alignments arranged primarily to satisfy federal jurisdictional requirements." *United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 132 F.R.D. 660, 666 (W.D. Mich. 1990). Lone Star's simultaneous assertion of both theories is the paradigm case of exactly that.

Fees are warranted. Removal is objectively unreasonable when the removing party's arguments are not "fairly supportable." *Warthman v. Genoa Township Board of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008). Where the fraudulent joinder standard is well-settled, "at some point, a plaintiff's claim becomes so plainly 'colorable' that. . . remand is no longer a close question," and "it is no longer objectively reasonable for the defendant to attempt removal in the first place." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 492 (6th Cir. 2013). A named additional insured expressly identified in the operative count as an entity owed a duty of indemnification occupies exactly that position. Lone Star filed a Notice of Removal asserting QCC's "rights or duties will not be affected" by this litigation, then filed its Answer the same day admitting QCC is an additional insured and attaching the policy confirming that status across a schedule and three separate endorsements. A removal theory refuted by the removing party's own simultaneously filed pleading is not fairly supportable. If Lone Star believed QCC was a nominal party, the proper vehicle was a motion to dismiss in Wayne County Circuit Court; "[h]ad it been successful, the case would have been properly removable" and "the expenses of removal and remand could have been spared." *Kasprowicz v. Capital Credit Corp.*, 524 F. Supp. 105, 107 (E.D. Mich. 1981). An award of just costs and actual expenses, including attorney fees incurred as a result of the removal in an amount to be established by subsequent petition is warranted.

7

## CONCLUSION

**WHEREFORE**, Plaintiffs KOHCHISE JACKSON, individually, and KOHCHISE JACKSON, as assignee of DR. KEITH L. PAPENDICK, respectfully request that this Honorable Court enter an Order:

A.     Remanding this case to the Wayne County Circuit Court;

B.     Awarding Plaintiffs their just costs and any actual expenses, including attorney fees, incurred as a result of the improper removal; and

C.     Granting such other and further relief as this Court deems just and proper.

PROOF OF SERVICE

The undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on this 29th day of June 2026.

☐ US Mail      ☐ Fax           ☐ Hand Delivered
☐ Email        ☐ Fed.Ex/UPS    ☒ E-Serve/Email/ECF

Signature /s/ *Melinda S. Morisset*

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: jon@markolaw.com

Dated:  June 29, 2026

8